# CASES DETERMINED

## IN THE

# SUPREME COURT OF APPEALS

## OF WEST VIRGINIA,

AT A SPECIAL TERM THEREOF, HELD AT WHEELING,
IN THE COUNTY OF OHIO, COMMENCING ON THE
EIGHTH DAY OF OCTOBER, 1879, AND END-
ING ON THE TWENTIETH DAY OF
DECEMBER, 1879.

---

SWINBURN v. SMITH, JUDGE, &c., AND DRYDEN

AND

SWINBURN v. SMITH, JUDGE, &c., AND GILLISON.

Decided October 25, 1879.

(Absent, MOORE, JUDGE.)

1. A writ of error and *supersedeas* does not lie to the judgment of a county court in an election contest, but only a *certiorari*.

2. This Court having so decided and remanded such a case to the county court for trial, and the county court having decided the case, and a circuit judge having issued a writ of error and *super-sedeas* to this judgment, HELD:

This writ was issued by direction of the circuit court judge without jurisdiction or authority and is null and void; and this Court will prohibit all proceedings thereon.

1879
August Term.

Swinourn
v.
Smith, Judge,
&c. and Dryden
and
Swinburn
v.
Smith, Judge,
&c. and Gillison

3. The circuit court judge having in addition to this writ of error and *supersedeas* issued an injunction prohibiting the person, who had been declared elected to the office and who had duly qualified, from exercising the duties of the office or interfering with the person, who had formerly held this office, in the performance of its duties, HELD:

This order of injunction was issued without jurisdiction or authority, and is null and void; and this Court will prohibit all proceedings on it or in the case in which it was granted.

4. If a party is elected to a county office and receives a certificate of his election from the proper officers and duly and legally qualifies, he is entitled to hold the office pending a contest for the office by another party.

Petition by Thomas Swinburn for a writ of prohibition to prohibit the circuit court of the county of Kanawha from proceeding in two certain cases in said court then pending, in one of which Thomas Swinburn was plaintiff and Joseph Smith, Judge, and John Dryden were defendants, and in the other of which Thomas Swinburn was plaintiff and Joseph Smith, Judge, and W. E. G. Gillison were defendants.

GREEN, PRESIDENT, furnishes the following statement of the case:

On October 8, 1879, Thomas Swinburn, after due notice to the defendants, filed in this Court two petitions for writs of prohibition, one against Joseph Smith, judge of the circuit court of Kanawha, and John Dryden, and the other against said Smith, as such judge, and W. E. G. Gillison. These petitions set forth that Thomas Swinburn was elected clerk of the circuit court of Kanawha county on October 8, 1878, for the term of six years begining January 1, 1879, and obtained regularly his certificate of election ; that John Dryden gave him notice that he would contest his election before the county court of Kanawha county, which they dismissed, on the ground that they had no jurisdiction to try the same. Before any proceeding was taken to review this decision the said Swinburn qualified before said county court as

clerk of said circuit court and executed his official bond. A writ of *certiorari* was afterwards awarded by the circuit court of Kanawha county in said contested election case, and the judgment of the county court was reversed, and a judment entered up by the circuit court of Kanawha county, from and to which an appeal and *supersedeas* was granted to this Court, which reversed the judgment of the circuit court and remanded the cause to be tried *de novo* in said county court, and on the 12th day of September, 1879, said county court finally decided said case, entering the following order:

"This day came the plaintiff and contestant, John Dryden, by his attorneys, and the defendant and contestee, Thomas Swinburn, by his attorneys, and the court having heard the evidence and arguments of counsel doth consider and declare that at the election held on the 8th day of October, 1878, in Kanawha county, State of West Virginia, for the office of clerk of the circuit court of said county for the term of six years commencing on the 1st day of January, 1879, the contestee, Thomas Swinburn, received 2,182 votes, the contestant, John Dryden, 2,103 votes, and J. W. Parish 1,116 votes; and the court doth further consider and declare that said Swinburn, at the time of said election and at the time he received a certificate of election as clerk of said court, was and still is a citizen of the United States of America and of the State of West Virginia and entitled to vote in said State and eligible to be elected to, and to hold, said office for said term. It is therefore considered and declared by the court that said Swinburn at said election was duly and legally elected to said office, and is legally entitled to enter into and perform the duties thereof for said term. It is further considered by the court that the costs in this case and proceedings incurred by said Swinburn be, and the same are hereby awarded to said Swinburn against said Dryden including an attorney's fee of $10.00 as allowed by law; and the court proceeding to ascertain the amount of said costs doth find the same to be

1879
August Term.

Swinburn
v.
Smith, Judge,
&c. and Dryden
and
Swinburn
v.
Smith, Judge,
&c. and Gillison

1879
Special Term.

Swinburn
v.
Smith, Judge,
&c. and Dryden
and
Swinburn
v.
Smith, Judge,
&c. and Gillison

$11.40, and doth consider and order that the president of this court do deliver a properly authenticated certificate thereof as required by law. And the contestant John Dryden having intimated a desire to present a petition to the judge of the circuit court of Kanawha county for a writ of error and *supersedeas* to the judgment of the court in this cause, it is ordered that the execution of the judgment of the court in this cause be suspended for the space of twenty days upon the contestant, John Dryden, giving bond before the clerk of this court in the penalty of $500.00 with security to be approved by said clerk, reciting such intention and providing for the payment of all such damages as any person may sustain by reason of such suspension, in case a *supersedeas* to such judgment should not be allowed and be effectual within the time specified, to which order suspending the execution of said judgment contestee, Swinburn, objected and excepted," and said court adjourned *sine die* on the 27th day of September, 1879.

These petitions further allege that William E. G. Gillison was clerk of the circuit court for the term next preceding January 1, 1879, and on that day was in the possession of said office, when the petitioner demanded of him the surrender of said office which he refused to give up, contending that he had a right to hold the same during said contest, and he did unlawfully and against the petitioner Swinburn's frequent protests hold the same till September 20, 1879, when this petitioner took possession of said office and has been since in the exclusive control thereof.

The petitions further alleged that on September 13, 1879, the petitioner Swinburn's counsel wrote to Joseph Smith, judge of the circuit court of Kanawha county, calling his attention to the decision of the Supreme Court of Appeals of West Virginia in the case of *Dryden* v. *Swinburn,* that a writ of error and *supersedeas* would not lie to a judgment of a county court in a contested election case ; that notwithstanding these facts the said Joseph

Smith, judge of the Kanawha county circuit court, unlawfully refused, and still refuses, to recognize said petitioner as the clerk of said court and considers and holds said Gillison as clerk. These facts are all stated in each of the petitions.

1879
Special Term.

Swinburn
v.
Smith, Judge,
&c. and Dryden
and
Swinburn
v.
Smith, Judge,
&c. and Gillison

And in the petition asking a writ of prohibition to issue against John Dryden the petitioner further states that he, John Dryden, presented his petition to the said Joseph Smith, judge of the circuit court of Kanawha county, asking a writ of error and *supersedeas* to the said judgment of said county court, which the said Judge awarded; and on this order the said Gillison, unlawfully pretending to act as such clerk of the circuit court of Kanawha county, on September 24, 1879, issued said writ and unlawfully placed it in the hands of the sheriff, the bond having been given, who served it on the petitioner, Swinburn, on that day while in the exercise of his duties as such clerk. No *supersedeas* bond has been executed before the petitioner as clerk, but one had been executed before said Gillison. And the said Joseph Smith, judge of the circuit court of Kanawha county, holds said writ of error and *supersedeas* effectual; and by usurpation and without jurisdiction he intends to, and does, hold said pleas and entertains said writ of error and *supersedeas*, and will proceed to enforce the same against your petitioner, and thus deprives your petitioner of the benefit of said judgment of the county court of September 12, 1879. The prayer of this petition is for a writ of prohibition to said Joseph Smith, judge as aforesaid, and the said John Dryden to prohibit him, the said Joseph Smith judge as aforesaid, from holding the pleas aforesaid, from entertaining said writ of error and *supersedeas* or proceeding upon the same further, and to prohibit the said John Dryden from proceeding in the premises.

In the other petition in which a writ of prohibition is asked against W. E. G. Gillison these further facts are stated, that Gillison] presented a bill in chancery

1879
Special Term.

Swinburn
v.
Smith, Judge,
&c. and Dryden
and
Swinburn
v.
Smith, Judge,
&c. and Gillison

to said Joseph Smith, judge of the circuit court of Kanawha county praying an injunction which was awarded; *i. e.* that Thomas Swinburn, the petitioner, be inhibited and restrained and enjoined from entering upon or attempting to enter upon the duties of clerk of the circuit court of Kanawha county, and from taking possession of the said office or of the books, papers, records or furniture therein or anything pertaining or belonging thereto, or taking possession of or keeping possession of the keys, or any of them, belonging to said office, or from interfering in any way with said Gillison's discharge of the duties of said office, or with the plaintiff's care, control and custody of said office and of all things belonging and pertaining thereto until the further order of the court. The order awarding this injunction required the giving of a bond. The injunction was issued September 24, 1879, by W. E. G. Gillison, who signed himself as clerk, and recited that the bond required had been given. This was done when he was not in the office and had no control thereof; and it is alleged to have been unlawfully done and without the giving of any bond before the petitioner, who was the lawful clerk in charge of the office. This injunction was served by the sheriff on Swinburn on September 24, 1879. The said petition further stated, that the said Joseph Smith, judge as aforesaid, holds said injunction effectual, and by usurpation and without jurisdiction in the premises intends to, and will, enforce said injunction and thereby determine by a chancery proceeding the right of the petitioner, Swinburn, to hold the office of clerk of said circuit court, unless prohibited by this Court. The prayer of the petitioner is for a writ of prohibition properly addressed to prohibit him, the said Joseph Smith, judge as aforesaid, from holding the plea aforesaid, from entertaining said injunction bill, and from proceeding on said injunction order, and from enforcing the same, and to prohibit said W. E. G. Gillison from proceeding in the premises.

Each of these petitions was sworn to by Thomas
Swinburn, the petitioner, and the statements in it, made Swinburn
v.
Smith, Judge,
&c. and Dryden.
and
Swinburn
v.
Smith, Judge,
&c. and Gillison
from the records of the courts, were sustained by copies
of such records filed as exhibits.

On October 8, 1879, the defendants to this petition
appeared in this Court, and affidavits and counter-affida-
vits were filed, which prove that on the night of the 19th
of September, 1879, Thomas Swinburne got into the
clerk's office of the circuit court of Kanawha county by
loosening one of the fastenings of the window and get-
ting through the window; that when the servants em-
ployed by John Dryden, deputy for W. E. G. Gillison,
who up to that time had been acting as clerk of said
court, came to the office to sweep it, upon the morning
of the 20th day of September, he got from them surrepti-
tiously the keys of said office, there being two doors to it.
One of these keys was got by Thomas Swinburn snatch-
ing it from the hands of one of the servants. At about
8 o'clock of that morning W. E. G. Gillison went to the
office; and said Swinburn stated to him that he claimed
the office and had come to stay there. That said W. E.
G. Gillison and his deputies staid there that day, the said
Swinburn also remaining there. This was Saturday.
When said Gillison and his deputy went there on Monday
following, September 22d, they found Swinburn still
there; and he told them that he had concluded not to
allow them to handle or use the books, records or papers
of the office or to issue in the office any process; and if
necessary he would use force to prevent them; and there
being about the office a number of persons who were not
in the habit of having business there and who Gillison
and Dryden had reason to believe were there to aid Swin-
burn in carrying out his threats, they left the office in his
possession; and he has ever since been in possession
thereof. That the said Dryden and Gillison then pro-
cured from Joseph Smith, the judge of the circuit court
of said county, the writ of error and *supersedeas*; and the
required bonds having been executed, these writs were

served on Swinburn. After these writs were served he called again on said Swinburn, who refused again to surrender to him possession of the said office, its keys, books or papers; and again he declared his purpose, if necessary, of using force to prevent said Gillison or his deputy from making any entries on the books of said office or issuing any process in said office.

There was also filed in this court as evidence in these causes the original record of the case of *Dryden* v. *Swinburn,* now pending in the circuit court of Kanawha county, together with the order allowing the writ of error and *supersedeas* endorsed thereon. The substance of this record is stated in the opinion of this court in said case, reported in this volume, p. 234, so far as it had been made up then; and the proceedings in this case since are correctly set forth in said petitions for writs of prohibition. There was also filed the appeal bond and writ of *supersedeas* in said case and sheriff's return on the same, executed, the suspending bond taken by the clerk of the county court of Kanawha county, the original papers in the chancery cause aforesaid of *Gillison* v. *Swinburn,* and the order of injunction endorsed thereon, the original injunction bond, the writs of subpœna and sheriff's return, and the original of an order which had been written by said Joseph Smith, judge, and entered on the order book of the circuit court of Kanawha county. This order was as follows:

" Ex-Parte, Thomas Swinburn:

" Thomas Swinburn some days since appeared in person in court, and representing to the court that at the last general election in the county of Kanawha he had been duly elected clerk of the circuit court, and had the commissioners' certificate of election, that he had given bond and qualified according to law and had been ready and willing to discharge the duties of said office, but complained, that although he had frequently demanded the books, papers and office of one John Dryden, who

was in possession of them, they were withheld from him by said Dryden, *and asked the court to recognize him as clerk, and to give him the possession and control of the clerk's office and the books and papers thereof.* The court being then engaged in a trial for felony informed Mr. Swinburn that whenever it could find time to do so, it would hear his complaint, but could not stop the business to do so for the present. On the next morning said Swinburn appeared by his counsel, James H. Brown and E. Willis Wilson, who on said Swinburn's behalf renewed the application, and thereupon W. E. G. Gillison appeared by E. B. Knight and W. A. Quarrier, his counsel, and resisted said application, claiming that said John Dryden was his deputy and in possession of the office, books, records, papers, &c. and was transacting the business of clerk by virtue of that relation, and that he, the said Gillison, was entitled to the possession of said office and was the proper person to discharge the duties of the clerk of the said circuit court during the contest which was pending between the said Dryden and the said Swinburn in the county court of Kanawha county, and until its final determination by that tribunal. The parties, by their counsel, then agreed that the court should fix the next morning to hear the matters arising upon said application ; and the court at the request of both parties set Wednesday, the——, to hear the matters, and on the morning fixed proceeded to take up the matter, both the parties and all the counsel aforesaid on both sides being present; and thereupon the said T. Swinburn, by counsel, introduced as evidence to support his claim to the office a certificate of the commissioners of election for the county of Kanawha for the election held in October, 1878, in the words and figures following, to-wit, (here copy said certificate.) He also presented and introduced the order of the county court dated —— November, 1878, whereby he was authorized to, and did give bond (which was approved) and qualified in said county court, which order is in the words and figures following, to-wit : (here

*Margin:*
1879
Special Term.

Swinburn
v.
Smith, Judge,
&c. and Dryden
and
Swinburn
v.
Smith, Judge,
&c. and Gillison

1879
Special Term.

Swinburn
v.
Smith, Judge,
&c. and Dryden
and
Swinburn
v.
Smith, Judge,
&c. and Gillison

insert the copy of said order) and also his official bond in words and figures following, to-wit: (here insert it) and and also the mandate of the Court of Appeals reversing the circuit court of this county in case of *Dryden* v. *Swinburn*, and rested.

" Whereupon the said Gillison put in evidence to sustain his objection the whole records of the case of *Dryden* v. *Swinburn*, upon the contested election in the county court, the circuit court and the Supreme Court in words and figures following, to-wit; (Here copy the whole record of the case down to the present time), to which record as evidence in the case the said Swinburn, by his counsel, objected and the objections were overruled and the evidence admitted, and the objection saved to the said Swinburn. Whereupon the case was fully argued and submitted to the court to be decided by the counsel of both sides—and the application having been maturely considered by the court, the court doth decide that under the acts and Constitution of this State the said Swinburn is not now entitled to exercise the functions and perform the duties of clerk of this court, nor to fill or hold the said office pending the trial of said contest for said office, and further decides that the former clerk of this court, W. E. G. Gillison, is entitled to hold over and is entitled to fill said office and perform all its duties and receive all its emoluments or fees until the contest aforesaid shall be fully decided by the county court of said Kanawha county, the tribunal by law authorized to finally decide said contest, and that until such decision this court cannot recognize any clerk other than said Gillison and his qualified deputies; and it further decides, that in the meantime the said Gillison is entitled to the care, custody, control and keeping of the said clerk's office, together with all the records, books and papers thereunto belonging, and to discharge all the duties thereof.

" J. SMITH,
"*Judge.*"

The bill of W. E. G. Gillison sets forth that he was the clerk elected to fill the office of clerk of the circuit court of Kanawha county for the term which ended December 31, 1878, and he qualified as such. He sets out the controversy between John Dryden and Thomas Swinburn for the clerkship of said circuit court for the term beginning January 1, 1879, and alleges that said controversy is still pending; and he files,with his bill a complete copy of the record in said case, including the final order of September 1, 1879, made by the county court of Kanawha county; and he claims that pending this controversy he has by the law a right to hold over as clerk of said court; that said Thomas Swinburn had by force and stratagem, on September 20, 1879, obtained possession of the keys of the outside doors of said office and is preventing and refuses to permit him to perform the duties of clerk in said office. He prays for the injunction which, as before stated, was awarded him by the judge. This injunction was awarded September 22, 1879, as appears by the endorsement of the judge. The injunction bond required in the penalty of $2,000.00 was given September 24, 1879, and the sufficiency of the surety sworn to before the clerk of the county court; and the process with the injunction endorsed was served on September 25, 1879. The appeal and *supersedeas* bond was acknowledged and approved before W. E. G. Gillison, clerk of the circuit court, and was given September 24, 1879, and the writ of error and *supersedeas* was served the same day. After the argument of counsel this court, on October 11, 1879, awarded rules to be directed to the Honorable Joseph Smith, judge of the seventh judicial circuit and to W. E. G. Gillison and John Dryden, respectively, or either of said parties, to show cause, if any they have, why writs of prohibition in said cases respectively should not be issued as prayed for, said writs being returnable on the 21st day of October, 1879.

On the return day of said rules Joseph Smith, judge

*Margin note:*

1879
Special Term.

Swinburn
v.
Smith, Judge,
&c. and Dryden
and
Swinburn
v.
Smith, Judge,
&c. and Gillison.

as aforesaid, filed his answer in each case. These answers set forth only the facts appearing by the records of the circuit and county courts of Kanawha county as they have been hereinbefore stated, except that he says : He "denies that he awarded the writ of error and *supersedeas* contrary to the mandate of this court, but as he understood said mandate, said writ was awarded in direct conformity with the principles laid down and established in the case of *Dryden* v. *Swinburn.* He also "admits that he received a letter from E. Willis Wilson, the counsel of said Swinburn, suggesting what was the true meaning of the opinion of the Court in the case of *Dryden* v. *Swinburn,* which said letter he respectfully considered, and then followed his own judgment and opinion." ، He also says "he admits that he has during the entire contest between said Swinburn and Dryden refused to acknowledge either of them as clerk of said court, until the contest is finally decided according to law. And upon this action being called to his attention by the said Thomas Swinburn at the last term of the circuit court of Kanawha county he, after full argument had been had, placed an order upon the record signifying his intention of recognizing the said Gillison as the clerk of said court until the contest was decided, which order has been filed in these causes." The answers were substantially the same and were sworn to. The defendants also offered to file demurrers to the petitions, but this court declined to receive them, as upon the petitions and answers the defendants could have as full advantage of any defects in the petition, as if demurrers were filed. The causes after argument by counsel were submitted to this court on said 21st day of October, 1879.

*E. W. Wilson,* for plaintiff :

I. *Writ of Prohibition.*—" A prohibition is a proper remedy to restrain an inferior court from acting in a matter of which it has no jurisdiction, or from exceeding the bounds of its jurisdiction," 20 Gratt. 484, 552;

10 W. Va. 180 ; 13 W. Va. 358`: High's Ex. L. Rem. §781 ; 20 N. Y. 540, 543.

1*a.* If it appear upon the face of the proceedings that the inferior tribunal could have no jurisdiction, no averment need be made that a plea to the jurisdiction had been made and overruled, 5 Dana (Ky.) 18; this has been the constant practice in Virginia and West Virginia. See especially above cases cited, also 36 Mo. 232.

2 *a.* Writs of error and prohibition may be concurrent remedies. *Supervisors, &c.* v. *Garrell,* 20 Gratt. 484, 552.

*II. Injunctions.*—The exercise of jurisdiction in prohibition is not confined to proceedings at law, but extends also to proceedings in equity, High's Ex. L. Rem. §776 ; 2 Salk. 550.

1 *a.* Where the right to an office is the only point in controversy, the legal remedy afforded at law ousts all equitable jurisdiction, High's Ex. L. Rem. §§619—641 ; High on Inj. §§774, 798 ; 47 Pa. St. 103 ; 7 Watts & S. 104 ; 5 Ohio St. 237; 17 Md. 303 ; 4 Nev. 138 ; Freem. Ch. 161 ; 15 Ohio St. 137 ; 36 Mo. 232 ; 9 Paige. 507 ; 7 Hill. 259; 24 Barb. 265.

*III. Writ of Error and Supersedeas.*—"A circuit court cannot review a judgment of a county court, except in the cases, and in the mode prescribed by law." 20 Gratt. 522.

1*a.* There is no provision made by statute, for an appeal, writ of error, or *supersedeas,* in a contested election case, had under ch. 118, Acts 1872–3. Chapter 17 Acts 1872–3, extends to appeals, writs of error and *supersedeas,* only, and a county court decision, in such a case, cannot be reviewed by either of these proceedings, but *must be done, if at all, by certiorari. Dryden* v. *Swinburn, supra.*

*IV. Judgment of County Court declaring result of Election* —Whether the judgment of the county court of Sep-

1879
Special Term.

Swinburn
v.
Smith, Judge,
&c. and Dryden
and
Swinburn
v.
Smith, Judge,
&c. and Gillison

1879
Special Term.

Swinburn
v.
Smith, Judge,
&c. and Dryden
and
Swinburn
v.
Smith, Judge,
&c. and Gilrison

tember 12, 1879, can be reviewed upon any proceedings whatever, as to the facts found by the court, it is not now material to consider. Said judgment confers upon Swinburn the unqualified right to hold the office until vacated by an *appellate* proceeding.

1*a.* Such judgment cannot be reviewed by writ of error and *supersedeas, Dryden* v. *Swinburn, supra.*

2*a.* So much of said judgment as provides for the execution thereof, is void, because in excess of the authority conferred upon the county court by statute. The power to suspend the execution of a judgment exists alone, under chapter 17, Acts 1872–3, and extends only to those cases reviewable by appeal, writ of error and *supersedeas.*

V. *Certificate of Election and Qualification*—Swinburn's certificate of election and qualification before the county court, confers upon him the absolute right to hold the office until overthrown by a judicial determination against him, even without the benefit of the county court judgment of September 12, 1879. §35, ch. 118, Acts 1872–3; 41 Pa. 396; 35 Pa. St. 263; 47 Pa. St. 292; 15 Minn. 455; 1 Dutch; 331; 16 Mich. 56; 1 Ore. 149; 10 Minn. 369; 15 Minn. 221; 1 Hust. 39.

*W. A. Quarrier,* for defendants:

1. A party in contempt of the court will not be heard until purged. High on Inj. §875.

2. On motion, cause may be shown against the issue of the writ. High on Ex. Leg. Rem. §803; *Mayo* v. *James,* 12 Gratt. 26.

3. The want of jurisdiction must be first pleaded in the inferior court.

　　*a.* High on Ex. Leg. Rem. §773 and authorities there cited.

　　*b.* There must be a motion to dissolve injunction before this Court can award prohibition.

　　*c.* There must be a motion to dismiss appeal before

this Court can award prohibition.

1879
Special Term.

Swinburn
v.
Smith, Judge,
&c. and Dryden
and
Swinburn
v.
Smith, Judge,
&c. and Gillison

4. Prohibition being a high prerogative writ, it can only be used when there is no other remedy, and here the party could have had motions to dissolve and dismiss.

High on Ex. Leg. Rem. §770.

*Ex-parte Brandlacht*, note 4 by same.

*Bedford* v. *Wingfield*, 27 Gratt. 333.

*People* v. *Wayne*, 11 Mich. 393; *Low* v. *Crown Point*, 2 Nev. 75 ; *People* v. *Marine Court*, 36 Barb. 341 ; *Sweet* v. *Hubbert*, 51 Barb. 312 ; *State* v. *La Crosse*, 11 Wis. 50.

5. Appeal was the proper remedy in this case.

See sections three and ten of Article VIII of the Constitution.

Opinion of Judge Green in *Dryden* v. *Swinburn* was merely *obiter dictum*.

GREEN, PRESIDENT, delivered the opinion of the Court:

The awarding of prohibitions in these cases is resisted by the defendants' counsel because, it is said, "neither of the petitions alleges that the judge had in any manner as yet exceeded his authority or acted without jurisdiction, but without proof alleges his intention in future to do so." And again because the petitions "nowhere allege that the judge of the circuit court of Kanawha county had no jurisdiction to award the injunction or grant the writ of error and *supersedeas.*" This position was not assumed by the defendants' counsel in the argument of the question, whether this Court should award the rules *nisi* in these cases. Had it been then done, doubtless the counsel for the petitioner would at once have amended his petitions and inserted these allegations clearly and distinctly. This was therefore the appropriate time to make these objections. There is however nothing in these objections. The petitions clearly show that they are based on an alleged usurpation of power, and that the circuit court or judge had

63

acted and was acting without jurisdiction. This might have been stated more positively and directly; but it abundantly appears this allegation is substantially made in the petitions.

It is also urged that the certifications for writs of prohibition are premature in these cases, "as the petitions do not allege that efforts have been made in the inferior court to dismiss the *supersedeas* or dissolve the injunction complained of, or that any plea, motion or suggestion has been made to test or suggest the want of jurisdiction." The old English authorities show that when the jurisdiction of the court depends upon matters *dehors* the record, a plea setting out these facts was necessary to be tendered to the inferior court before the superior court would grant a writ of prohibition. See *Edmunds v. Walker*, Carth. 166; *Cox* v. *St. Albans*, 1 Mod. R. 81; *Bouton* v. *Hursler*, 1 Barn. K. B. 71. The Supreme Court of Arkansas appears to have extended the cases, in which prohibition will not be awarded to cases where the want of jurisdiction appears on the face of the proceedings in the inferior court, where the petitioner for the writ of prohibition has made no effort to get relief in the court below by motion to dismiss the writ which may have been improvidently awarded, or in some other manner. See *McMeechen et al., ex parte* 7 Eng. (12 Ark.) 70. This extension of the English rule however is unsustained elsewhere and has not been followed in Virginia or West Virginia. \ The true view is well stated in *Arnold & Parish* v. *Shields et al.*, 5 Dana (Ky.) 18, where the court say : "Nor was it necessary in such a case as this to show that a plea to the jurisdiction had been overruled ; for if the magistrate had no jurisdiction, that fact appeared on the face of the proceedings ; and in such case there being nothing extraneous to plead, a prohibition may be granted, either before or after judgment, without plea, because the defendant in the warrant could not by consent or waiver confer jurisdiction, if the magistrate had no cognizance of the case."

The true position, I understand, is that where on the face of the proceedings the inferior court not only has not jurisdiction and the parties cannot by consent or waiver give the court jurisdiction, it may be prohibited from proceeding, though the record does not show that the party praying for the petition, either by motion or suggestion, in any manner asked the inferior court to dismiss the proceedings. This was the principle upon which the Supreme Court of Virginia acted in *Supervisors of Culpepper* v. *Gorrell et al.*, 20 Gratt. 495, and upon which this Court acted in *Hein* v. *Smith, judge, et al.*, 13 W. Va. 358. In each of these cases a judge of ·the circuit court had granted a writ of error and *supersedeas* to a judgment of the county court, when he had no jurisdiction to grant such a writ; and the Supreme Court of Appeals awarded writs of prohibition, though the petitioners had made no motion in the inferior court to dis· miss the writs of error and *supersedeas* as improvidently awarded. Such a motion, or a motion to dissolve an injunction, cannot therefore be held as essential before application can properly be made for a writ of prohibition. In some cases this Court might decline to act in an application for 'a writ of prohibition till such a motion was made in the inferior court; for this writ is not granted *ex debito justitiæ*, but it is rather to be granted or withheld according to the circumstances of each particular case, and in the exercise of a sound judicial discretion.

In the cases before us I do not doubt but that we should act on the application for the writs of prohibition now, though no motion was made in the circuit court to quash the writ of error and *supersedeas* or dissolve the injunction as improvidently granted. The injunction was obviously ancillary to the writ of *supersedeas*, which was granted after what was the equivalent of an argument by the petitioner's counsel, he by letter having called the attention of the judge to the decision of this Court in *Dryden* v. *Swinburn*, reported in this volume

1879
Special Term.

Swinburn
v.
Smith, Judge,
&c. and Dryden
and
Swinburn
v.
Smith, Judge,
&c. and Gillison

p. 234 ; and great public inconvenience would result from our refusal to act on these writs of prohibition till a form was gone through, which from the record we have every reason to believe would be idle.

The counsel for the defendants also insists that, the petitioner being in contempt of the circuit court by violating its injunction order, could not now move said court to dissolve the injunction, till he had purged himself of his contempt; and that this court by awarding the writ of prohibition prayed for, even if it were a proper case to grant the same, would in effect dissolve the the injunction and it ought not to do so, till the petitioner is purged of his contempt. It is true that a party in contempt is not as a general rule entitled to a favor from the court, till such contempt is purged. Still the court will sometimes dissolve an injunction on the motion of a defendant, though he be in contempt for violating the injunction order. 1 Stockton Ch. (N. J.) 110. If this principle can properly be applied in an application for a writ of prohibition in any case, it would seem to have no application in cases like those now before this court; for if, as is claimed we should do, this Court should grant a prohibition in this case, it must be on the ground that the writs of error and *supersedeas* and writ of injunction were awarded by the circuit court without any authority and when he had no jurisdiction to award such writs in the class of cases to which these cases belong; and if this be so, that his orders granting such writs are null and void, and a violation of them by the petitioner is no contempt of the court; for it is no contempt of a court to violate an order which the court had no jurisdiction to make. See *People* v. *O'Neil*, 47 Cal. 109.

It is true if the judge of the circuit court of Kanawha county had jurisdiction to award this injunction, the petitioner is in flagrant contempt of the court in violating its order; but in such case we would certainly refuse to award the writ of prohibition, because the circuit

court had jurisdiction to award the injunction, and it would be done on its merits rather than on the contempt in which the petitioner would in that case be.

It is urged by the defendants' counsel that a writ of error ought not to be issued, when a party has a complete remedy in some other and more ordinary form. To sustain this he refers to *ex parte Brandlacht*, 2 Hill. 367; *Bedford* v. *Wingfield*, 27 Gratt. 333; *People* v. *Wayne*, 11 Mich. 393; *Low* v. *Crown Point*, 2 Nev. 75; *People* v. *Marine Court*, 2 Barb. 341; *Sweet* v. *Hubbert*, 51 Barb. 312; *State* v. *La Crosse*, 11 Wis. 50. That this proposition is true is not controverted. If there be another adequate remedy, this writ ought not to issue. But when an inferior court has usurped jurisdiction, the remedy by appeal or writ of error may be very inadequate; and if this has been done in this case, the public would suffer great loss, if we permitted the usurpation of power, if such it be, to continue till the case was finally decided by the circuit court, and would hold that this usurpation could only be properly corrected by appeal and writ of error. If such was our holding, the people having business in the circuit court of Kanawha county would be subjected to great inconvenience and loss for a long period; as in the position of things, as disclosed by the record in this case, there must to a very great extent be a suspension of business in the clerk's office of Kanawha county occupied by a clerk whom the judge of the court refuses to recognize as clerk. The remedy by appeal and writ of error in these cases is entirely inadequate to meet the necessities of the case; and when this is the case, and the judge or court is proceeding without having any jurisdiction, or by usurpation of power, a writ of prohibition ought to issue, although an appeal or a writ of error or *supersedeas* would lie to any judgment he might hereafter render. This position is sustained in the State of Virginia and elsewhere. See *Supervisors, &c.*, v. *Gorrell*, 20 Gratt. 484–552; *Thomas* v. *Mead et al.*, 36 Mo. 246. The writ of prohibition and a writ of error

1879
Special Term.

Swinburn
v.
Smith, Judge,
&c. and Dryden
and
Swinburn
v.
Smith, Judge,
&c. and Gillison

1878
Special Term.

Swinburn
v.
Smith, Judge,
&c. and Dryden
and
Swinburn
v.
Smith, Judge,
&c. and Gillison

Syllabus 4.

and *supersedeas* may be and are sometimes concurrent remedies.

Having disposed of the preliminary questions, I will now consider the questions involved in these cases on their merits. To do so we must clearly understand the situation of the several parties and their respective rights, when the judge of the circuit court of Kanawha county granted the writ of error and *supersedeas* and the injunction complained of. The petitioner, Swinburn, received at the election held October 8, 1878, a plurality of the votes for clerk of the circuit court of Kanawha county for the next term of six years, beginning January 1, 1879. The proper officers gave him a certificate of his election; but John Dryden contested it before the county court of Kanawha county. That court dismissed this proceeding on the part of Dryden, on the ground that in their judgment they had no jurisdiction to try the same at that term of the court. After this case had been dismissed, and before any proceeding was taken to bring the judgment of the county court before the circuit court for review, the petitioner, Swinburn, qualified as clerk and gave his official bond, which was approved by the county court of Kanawha county. Subsequently Dryden obtained a writ of *certiorari* to the judgment of the county court from the circuit court of Kanawha county. All this occurred prior to January 1, 1879, when the term of office of the circuit clerk commenced. Who was legally the clerk of this court on January 1, 1879, and pending the controversy between said Swinburn and Dryden? The judge of the circuit court thought that the old clerk, W. E. G. Gillison, was properly the clerk of the court, pending this controversy, though his term of service ended on December 31, 1878.

The Constitution of our State, see Art. IV, §6, provides that "all officers elected under this Constitution shall continue to perform the duties of their offices until their successors are elected and qualified." The successor of W. E. G. Gillison, as the clerk of the cir-

cuit court of Kanawha for the term ending December 31, 1878, was elected on October 8, 1878. The commissioners appointed to conduct the election at the courthouse at the proper time and place ascertained and declared the result of the election, and certified that Thomas Swinburn was elected; and in the time and manner required by law he qualified as such clerk, there being when he qualified no controversy pending by which his right to this office was disputed. The fact that Dryden subsequently obtained from the circuit court a writ of *certiorari* to review the judgment of the county court could confer, on the old clerk, W. E. G. Gillison, no right to hold over, after his term expired; for before that time his successor had been elected and qualified; and under the Constitution the term of office of W. E. G. Gillison could only be extended by the failure of his successor to be elected and qualified. This certificate and qualification were *prima facie* evidence that Swinburn was the clerk from and after January 1, 1879; and the former clerk should then have surrendered the office, its books and papers to Swinburn; and he might have been properly enforced so to do. *Crowell* v. *Lambert*, 10 Minn. 369; *The People* v. *Miller*, 16 Mich. 56.

The circuit judge was therefore in error in his opinion, which he states in his answer to the rule issued by this Court against him, that the old clerk, W. E. G. Gillison, remained the clerk of this court till the controversy between Swinburn, who had been declared elected by the commissioners and duly qualified, and Dryden was terminated. But this controversy was ended on September 12, 1879, when the county court declared Swinburn elected. And when this Court finally adjourned on September 27, 1879, this judgment became operative and binding. From that day, according to the views of the judge of the circuit court himself, Swinburn was the clerk of that court. It is true that by this order of the county court this judgment was suspended for the space of twenty days upon the contesant, Dryden, executing a suspension-

*Margin:*

1879
Special Term.

Swinburn
v.
Smith, Judge,
&c. and Dryden
and
Swinburn
v.
Smith, Judge,
&c. and Gillison

1879
Special Term.

Swinburn
v.
Smith, Judge,
&c. and Dryden
and
Swinburn
v.
Smith, Judge,
&c. and Gillison

bond, to afford him the opportunity of applying for a writ of error and *supersedeas* to the judge of the circuit court of Kanawha county. No court by the common law could thus suspend the operation of its judgment. This power so to suspend its judgment in any case is conferred by the 4th section of ch. 17 of Acts of 1872–3, p. 57; and it is expressly confined to such cases as may be taken up to an Appellate Court by writ of error and *supersedeas*. And this Court had expressly instructed the county court of Kanawha county that this case could not be so taken up. The portion of said order then which undertook to suspend this judgment of the county court for twenty days was a nullity, the court in a case of this character having no right so to suspend its judgment. Nor was the question, whether this was a case in which a writ of error and *supersedeas* would be taken, a matter on which the county court had any right to pass a judgment, because this court had so decided, and it was the law of this case binding not only on the county court but also on the circuit court and on this Court; for we have not the power to reverse this decision, and if we were of opinion that we erred in holding in this case a writ of error and *supersedeas* did not lie to the judgment of county court, we could not in this case hold otherwise.

Syllabus 1.

It is true the judge of the circuit court in his answer to the rule issued by this Court does say: "Respondent denies that he awarded said writ of error and *supersedeas* contrary to the mandate of this court, but, as he understands said mandate, said writ was awarded in direct conformity with the principles laid down and established in the case of *Dryden* v. *Swinburn*." But it is obvious from an inspection of the mandate that the judge is entirely mistaken, and that the writ of *supersedeas* was awarded in clear violation of the mandate of this Court. An opinion of this Court accompanied this mandate as a part thereof; and the cause being remanded, the court below was directed to proceed with this case according to the principles laid down in this opinion. This opinion

says: "But our statute being silent as to the cases in which the writ of error or *supersedeas* may be used when a judgment of a county court is to be reviewed, I conclude that the common law mode of review is in force in this State, when a judgment of the county court is to be reviewed; and therefore when a judgment of a county court is reviewed by the circuit court, it must be done by writ of *certiorari* in such cases as by the common law could only be reviewed in that manner. The judgment rendered by the county court in the case before us was one of those cases." It would seem impossible to use language which more clearly states that a writ of error and *supersedeas* could not be issued by the circuit court to review the judgment of the county court in this case. Yet the circuit court, in direct violation of views so clearly expressed, has issued such writ of error and *supersedeas*. I cannot suppose that language so clear and explicit has been or could be misunderstood.

From the argument of counsel for the defendants it would appear, that while this portion of the opinion of this Court was not misunderstood, yet by reasoning from other portions of the opinion it was thought it could be shown that this conclusion of the Court was unsound. If this were true, it is clear it would not justify the violation of a plain instruction of this Court in no way ambiguous. But in truth there is no such inconsistency in the opinion of this Court. This supposed inconsistency arises from this Court in a prior portion of its opinion having decided that the constitutional provision, section 2, Article VIII: "The Supreme Court of Appeals shall have appellate jurisdiction in civil causes, where the matter in controversy, exclusive of costs, is of greater value or amount than $100.00" covered a controversy about an office, and that as chapter 17 of Acts of 1872-3, page 56 says: "That a party to a controversy in any circuit court may obtain an appeal, writ of error or *supersedeas* from a judgment, decree or order, if the matter in controversy, exclusive of costs, is of greater value or

1879
Special Term.

Swinburn
v.
Smith, Judge,
&c. and Dryden
and
Swinburn
v.
Smith, Judge,
&c. and Gillison

1879
Special Term.

Swinburn
v.
Smith, Judge,
&c. and Dryden
and
Swinburn
v.
Smith, Judge,
&c. and Gillison

amount than $100.00, wherein there is a final judgment or decree," a party in any controversy, other than a chancery suit, might obtain a writ of error and *supersedeas* from a circuit court, and that by the words "any controversy" was included a contest about, an office.

But this Court afterwards in this opinion quote the 3d section of chapter 15 of Acts 1872–3, p, 43, which says : "The circuit courts shall have the supervision of all proceedings before the county court by *mandamus,* prohibition and *certiorari*. They shall have appellate jurisdiction upon petition and assignment of error in all cases of judgment, decrees and final orders rendered by the county court, when the matter in controversy, exclusive of costs, is of greater value than $20.00." The court said it is true the words : "Orders when the matters in controversy exceeds $20.00" include controversies about offices exceeding $20.00 in value, and that appellate jurisdiction is given to the circuit court in such cases upon petition and assignment of error ;" but this by no means justifies the inference of the defendants' counsel, who says this Court must have intended to hold that a writ of error and *supersedeas* lay to the judgment of a county court in a controversy about an office. This Court in that case reached are exactly opposite conclusion. The words " upon petition and assignment of error" used in this statute mean, by writ of error and *supersedeas* or by *certiorari,* as both these proceeding are by petition and assignment of error, and as the writ of *certiorari* is expressly reserved to the circuit court in this section, our conclusion in that opinion was, and still is, that it was clearly retained as a mode of appeal from the county court to the circuit court, and the common law method of appealing was unchanged by this section, and therefore as the writ of *certiorari* was the the only mode at common law by which appellate jurisdiction could be used when the controversy was one provided for by the statute in a contest about an office, therefore it remained the only mode of taking up a case

of that sort for review from the county court to the cir-
cuit court. The court in that opinion point out the striking Swinburn
v.
Smith, Judge,
&c. and Drdden
and
and
Swinburn
v.
Smith, Judge,
&c. and Gillison
difference in the language, where a case is to be reviewed
by the Supreme Court of Appeals which has been decided
by the circuit court. The statute then says expressly,
that a party to such controversy may obtain a writ of
error or *supersedeas* to the Supreme Court. This lan-
guage has a very different meaning from the other with
reference to the review by the circuit court of the county
court which is, " May exercise appellate jurisdiction upon
petition and assignment of error," as these words include
*certiorari*, which the other does not.

These were the views entertained by this Court then ;
and it does seem to me they were expressed then in lan-
guage just as clear as that now used, and ought not to
have been misunderstood.

It is argued, however, that the expression of the
opinion by the President of this Court in that case, that
no writ of error or *supersedeas* lay in that case from the
judgment of the county court, was an *obiter dictum*, and
not binding on the circuit or county court. When a
case is remanded to an inferior court for further proceed-
ings, that court can in no case regard anything which
relates to any action which the inferior court may take
in the case after it is remanded, as *obiter dictum*. When
this case was remanded to the circuit court for trial, it
was required to decide the case ; and whether it decided
it in favor of the contestant, or contestee, the statute-
law required it, if a writ of error or *supersedeas* lay to
such a judgment, to grant to the opposite party on re-
quest a suspension of such judgment, and otherwise, the
law forbade such a suspension of judgment. In order,
therefore, that it might know whether it should grant
a suspension of judgment, or not, it was proper for this
Court to consider and decide, whether a writ of error
and *supersedeas* did lie. It did decide this point after
argument and on mature consideration ; and the attempt
to avoid it by calling it an *obiter dictum* is as unreasonable

1879
June Term.

Swinburn
v.
Smith, Judge,
&c. and Dryden
and
Swinburn
v.
Smith, Judge,
&c. and Gillison

as the attempt to put another meaning on what was said by the Court.

Nor is there any force in the position assumed by counsel for the defendants that, as section 5 of Article VIII of the Constitution, p. 26, provides: "It shall be the duty of the court to prepare a syllabus of the points adjudicated in each case concurred in by three of the judges thereof, which shall be prefixed to the published report of the case" that because it was not stated in the syllabus of the case that a writ of error and *supersedeas* would not lie from the judgment of the county court in such a case, therefore the circuit court was not bound not to award such a writ, though so instructed in the opinion. The syllabus is intended for the information of the profession and courts in the State generally. It is not required to be certified to the judge in the particular case, but only the opinion; and his specific instructions in this particular case are often not inserted in the syllabus, as, for instance, instructions not to allow a particular credit to a party in a suit. Of course such a credit cannot be afterwards allowed, though nothing be said about it in the syllabus.

Syllabus 2.

The awarding therefore of a writ of error and *supersedeas* to the judgment of the county court of September 12, 1879, was a usurpation of power by the circuit court judge. He had no jurisdiction to award such a writ; and his order so doing must be regarded as a nullity, and he must be prohibited from proceeding thereon.

On the 20th of September, 1879, Swinburn got the possession and control of the clerk's office of Kanawha county, and still holds the same by force and threats. The judge of the circuit court of Kanawha county being of opinion that the old clerk, Gillison, was at present entitled to the office and its emoluments, at his instance issued an injunction prohibiting Swinburn from interfering with his performance of its duties or controlling the office, its books or papers till the further order of the court. This proceeding was, properly speaking, auxilliary to the writ

of error and *supersedeas* issued by him at the same time; and the writ of error and *supersedeas* being a void proceeding; the judge having no jurisdiction to issue such a writ in the case, the proceeding by injunction in aid of it must also be held null and void, the judge having no jurisdiction to award an injunction in such case. But if it were regarded as an original and independent proceeding, it must still be held null and void; for it is well settled that where the controversy is the right to an office, such right being a pure legal right, the legal remedies which the law affords in such a case oust all equitable jurisdiction. See *Updegraff* v. *Evans*, 47 Pa. St. 103; *Hayner* v. *Hayberger*, 7 Watts & S. 104; *Hulman* v. *Horcoup*, 5 Ohio St. 237; *Maryland* v. *Jarrett*, 17 Md. 303; *Sherman* v. *Clarke*, 4 Nev. 138; *State* v. *Taylor*, 15 Ohio St. 137; *Thomas* v. *Mead*, 36 Mo. 232; *Tappan* v. *Gray*, 9 Paige 507; *People* v. *Draper*, 24 Barb. 265.

It is argued however by the defendants' counsel that courts of record have always the power by injunction, or otherwise, to preserve the papers and records of the court and prevent the unlawful and forcible seizure and detention of the same. But in the present case the forcible seizure of the office and its papers was when the writ of injunction issued, a past event, and the writ was not issued to prevent its occurrence. These books and papers, when the writ issued and now, are being held and detained not unlawfully, but by a party who is entitled to their custody and care at this time. This argument of the counsel for the defendants may be well answered in the words of the Court in *Thomas* v. *Mead*, 36 Mo. 245. "There was not the shadow of an equity in the bill of the defendant, properly considered, on which to ground an injunction at all. It is unnecessary to deny that, in certain cases, an injunction may be granted, mainly on the ground that an immediate and irreparable injury is threatened to be done, for which otherwise there would be no adequate and complete redress; and if a stranger without right or authority were

*[margin:]* 1879 Special Term.

Swinburn v. Smith, Judge, &c. and Dryden and Swinburn v. Smith, Judge, &c. and Gillison

Syllabus 3.

unlawfully interfering with the rightful possession by the clerk of the records, books and papers of his office (especially if the court itself were not in session) it is very probable such a case might arise as would give the circuit court jurisdiction to interpose by injunction against such person. But plainly, on the face of the defendant's bill, this was no such case, but only a transparent pretense of such a case. It can not be justly considered otherwise than as a sheer abuse of the process of injunction." In that case the Supreme Court issued a writ of prohibition.

I have so far taken no notice of the order entered on the record book of the circuit court of Kanawha county that its last term and referred to in the answer to the rule, in which it is set out that Swinburn asked the court to recognize him as clerk, and to give him the possession and control of the clerk's office and the books and papers thereof, and the decision of the court thereupon, that under the acts and Constitution of the State the said Swinburn was not then entitled to exercise the functions and perform the duties of clerk of said court, or to fill, or to hold, the said office pending the trial of the contest for the said office, "and that the former clerk of said court, W. E. G. Gillison, was entitled to hold over and fill said office, and perform all its duties, and receive all its emoluments or fees, until the contest aforesaid shall be fully decided." The circuit court of Kanawha county had obviously no right in this *ex parte* proceeding to decide who was then entitled to said office. It can be regarded as only the expression of the opinion of the judge and his determination to recognize Gillison as the clerk, an opinion which he might, whenever he pleased change. As a decision of the court this order must be regarded as a mere nullity. It could have been set aside by the court at any time without notice to any one; and is obviously not binding as a decision. The law of course recognizes no such mode of determining who is entitled to an office. The court had no jurisdiction to decide this case in

this manner; and its order is a mere nullity. A writ of prohibition may as well be granted to prohibit proceedings in a court of chancery as to common a law court. *Firebrass' Case*, 2 *Salk.* 550; *Thomas* v. *Mead*, 36 Mo. 232.

I conclude that the granting of the writ of error and *supersedeas* to the judgment of the county court of Kanawha county, of September 12, 1879, as well as the awarding of an injunction against Thomas Swinburn on the bill filed by W. E. G. Gillison, were acts done by the judge of the circuit court of Kanawha county without authority and without any jurisdiction; and that they are null and void; and writs of prohibition should be awarded to prohibit said court from proceeding in said cases, and to prohibit the defendants, Dryden and Gillison, respectively from proceeding in the premises; and that the petitioner should recover in one of these cases his costs in this court expended against said Dryden, and in the other against said Gillison.

HAYMOND AND JOHNSON, JUDGES, CONCURRED

WRIT OF PROHIBITION AWARDED.

---

1879
Special Term.

Swinburn
v.
Smith, Judge,
&c. and Dryden
and
Swinburn
v.
Smith, Judge,
&c. and Gillison