# JUNE TERM.

## WHEELING.

### Ex Parte Mooney.

Submitted June 9, 1885.—Decided June 10, 1885.

In *habeas corpus* a judgment remanding the prisoner can not be superseded.

The facts of the case are fully stated in the opinion of the Court.

*J. O. Pendleton* and *W. W. Arnett* for petitioner.

*Alfred Caldwell*, Attorney-General, for the sheriff.

Johnson, President:

John Mooney was by a jury of Ohio county found guilty of " *unlawfully* but not maliciously wounding, &c., one McAdams with intent to maim, disfigure, disable and kill him," and upon such verdict Hon. J. J. Jacob, the judge of the circuit court of Ohio county, who presided at the trial, entered judgment, that said Mooney be confined in the penitentiary of this State for one year *and* pay a fine of $100.00. The said Mooney on the 5th day of June sued out a writ of *habeas corpus* before the Hon. George E. Boyd, one of the

judges of the circuit court of Ohio county, and claimed his discharge, on the ground that said judgment and sentence was illegal and void.    On the same day the return was made by the sheriff of Ohio county, that he detained said Mooney under said judgment of the circuit court of Ohio county. To this return the prisoner demurred, and the' judge overruled the demurrer and remanded the prisoner.    To this judgment remanding the prisoner he applied to one of the judges of this Court for a writ of error, which on the said 5th day of June last was granted; and on the same day the clerk of this Court issued a writ of error *with supersedeas*, which was duly served on the 6th day of June.    On the morning of the 8th day of June last, the said sheriff with full knowledge, that said writ of *error and supersedeas* had been served removed said prisoner from the jail of Ohio county and conveyed him to the penitentiary of this State.    The above facts were on the 9th day of June duly set forth in the affidavit of the prisoner's counsel, who prayed that by proper process the said prisoner might be returned from the penitentiry to the jail of Ohio county, there to remain until the said writ of error can be heard and determined by this court.

If the judgment of the judge, who remanded the prisoner, were in fact superseded before the prisoner was removed to the penitentiary, we would unhesitatingly by proper process require the prisoner to be placed, where he was, when that judgment was rendered, and would also punish for contempt those who had thus disregarded the legal process of this Court.    But if the said judgment was not legally superseded by the writ of error and *supersedeas*, then no one for disregarding such process would be punished for a contempt of such process.    (*Swinburn v. Smith*, 15 W. Va. 483; *Ruhl v. Ruhl*, 24 W. Va. 279.)

It is insisted by counsel for prisoner, that the judge of this Court, who granted the writ of error, granted a *supersedeas* to the said judgment at the same time, and that the clerk of this Court in pursuance of said order issued a writ of error and *supersedeas*.    If this be true, it could not avail the prisoner, unless the judge' had authority to grant such *supersedeas*.    If he had no such authority, this Court would of course dismiss the *supersedeas* or not regard it.

The question then to be considered is : Could the judgment of the judge remanding the prisoner under our statute be suspended?   At common law according to the current of authority a judgment in *habeas corpus* can not be reviewed on writ of error.   (Hurd on *Habeas Corpus* 573, and cases cited.) The decision was not regarded as final and repeated applications might be made.   In our State, the judge who issues the writ can either discharge, admit to bail, or remand the prisoner, and any such judgment entered of record shall be conclusive, unless it be reversed, except that the petitioner shall not be precluded from bringing the same matter in question in an action of false imprisonment.   (Code, chapter 111, section 10.)

By section one of chapter one hundred and thirty-five of the Code, as amended by chapter one hundred and fifty-seven of the Acts of 1882, an appropriate writ for review is allowed " in any case of *quo warranto, habeas corpus, mandamus* or prohibition."   The Code does not provide that it shall be by a writ of error, or *supersedeas*, or both; but if the statute-law does not elsewhere contain a prohibtion to grant a *supersedeas* in such case, this chapter gives such authority to the Court.

Is there any such prohibition in any statute ?   Section twelve of chapter one hundred and eleven of the Code, which is in full force and vigor and is not inconsistent with section one of chapter one hundred and fifty-seven of the Acts of 1882, declares in reference to the judgment in *habeas corpus,* " when the prisoner is remanded the execution of the judgment shall not be suspended by the writ of error or suspended for the purpose of applying for one."   This means, that the judgment *remanding* the prisoner shall not be suspended either by the judge, who rendered the judgment, for the purpose of applying for a writ of error, or by the writ of error when granted; nor shall any *supersedeas* accompany the writ of error, for the judgment remanding the prisoner *shall not be suspended* for any purpose.   This is clearly shown by the eleventh section, which declares: " If during the recess of the Supreme Court of Appeals the Governor or the President of the Court should think the immediate revision of any such judgment to be proper, he may summon the Court for that purpose to meet on any day to be fixed by

him." If a *supersedeas* could issue to keep the prisoner *in statu quo*, why the necessity of convening the Court in special term to try the writ of error, more than any other case, where the prisoner pending a writ of error and *supersedeas* is languishing in jail under what he deems an illegal sentence, and under which, unless a *supersedeas* intervene, he will be removed to the penitentiary? Evidently to the legislative mind it appeared proper that in executing the criminal law, after a party had been tried by one court, and judgment had been pronounced against him, and he had applied for a *habeas corpus*, and the judge granting the writ had remanded him, the rule should be that he must be placed in the precise position in which he was before the writ issued; but that in case of emergency the appellate court might be convened, if not at the time in session, to review cases of peculiar hardship. This general rule applies to every case, whether or not any other judgment had been rendered against the prisoner.

If the *judgment* remanding the prisoner can not be suspended, then under such judgment the prisoner is in precisely the same condition in which he was, before the writ issued. The effect of the writ was to take him for the time from under the force of the other judgment and sentence against him, and it was in the power of the judge issuing the writ to forever relieve him from such judgment and sentence by discharging him therefrom; but when he *remands* him, he places him back under the force and effect of such sentence, and he is in precisely the same condition, as if the writ had not issued; and as the judgment remanding him was not and could not be superseded or suspended, there was nothing to prevent him from being removed to the penitentiary under and by force of the judgment and sentence of the circuit court of Ohio county. A writ of error to that judgment would under the statute, if procured before he was thereunder removed to the penitentiary, have operated as a *supersedeas* and suspended the said judgment and sentence, and left him in the jail of Ohio county, until the writ of error in that case could have been heard in the appellate court.

He is not now without remedy. His writ of error to the judgment of the judge remanding him can be heard by this Court; and if it is found, that he was illegally detained in

custody, this Court will reverse the judgment of the judge, which remanded him, and proceeding to render such judgment, as said judge ought to have rendered, will discharge him. But upon said hearing if we should find, that the judgment, under which he is held, is not void but only erroneous, we would affirm the judgment remanding the prisoner, and he would then be driven to his writ of error to the judgment of the circuit court of Ohio county to correct any errors therein.

As the judgment remanding the prisoner could not be suspended or superseded, there was nothing to prevent the removing of him to the penitentiary under the judgment of the circuit court of Ohio county; and we must therefore decline to issue any process to bring the prisoner from the penitentiary to the jail of Ohio county, to await the action of this Court on his writ of error. If we find upon a hearing of said case, that the judge ought to have discharged him instead of remanding him, we will then release him from the penitentiary and from imprisonment, but we have no authority to do so now.

Writ Refused.