## COMMITMENT FOR MISDEMEANOR.

Common Pleas Court of Hamilton County.

IN RE CHARLES SCHOOLER.

Decided, January Term, 1908.

*Sentence—Authority to Commit to Work House for Misdemeanor—Habeas Corpus—Not Available Because of Errors Which do not Render the Judgment Void—Sections 1536-369 and 1536-383.*

1. A police court has authority under the law of Ohio to commit to the work house upon conviction of a misdemeanor. *Lemmon* v. *The State*, 77 Ohio State, 427, not followed.

2. But were it true that such authority does not exist, habeas corpus will not lie because of error in committing the accused to the work house instead of the county jail.

*Howard D. Burnett*, for petitioner.

*John M. Thomas, Jr.*, contra.

WOODMANSEE, J.

This is a petition for a writ of habeas corpus. The petitioner, Charles Schooler, represents that he is illegally restrained and deprived of his liberty by being confined in the work house located in the city of Cincinnati, Hamilton county, Ohio.

It is admitted that Schooler pleaded guilty to the charge of loitering in the police court, Cincinnati, and was fined $50 and costs, and thereupon was committed to the work house in said city until said fine and costs are paid.

Counsel for petitioner claims that the judge of the police court had no authority to commit said Schooler to the work house, and that said committment and sentence are void and that he should therefore be discharged from custody by this court.

Counsel for the petitioner relies upon the recent decision of the Supreme Court of Ohio in the case of *Lemmon* v. *State of Ohio*, which is reported, 46 Ohio Law Reporter, 209. In that case Lemmon had been committed to the work house in the city of Toledo, and according to the opinion of the Supreme Court by virtue of Section 1536-369 of the Revised Statutes of Ohio.

This section provides that:

"When a person over sixteen years of age is convicted of an offense under the law of the state, or an ordinance of the mu-

nicipal corporation, and the tribunal before which the conviction is had is *directed* by law to commit the offender to the county jail or corporation prison, the court, mayor, or justice of the peace, as the case may be, shall sentence the offender to the work house, if there is such house in the county.''

The Valentine law, under which Lemmon was sentenced, provides for a fine and imprisonment, but does not *direct* as to where the convicted party shall be imprisoned, and therefore the Supreme Court in construing the section herein referred to, states that the provision of Section 1536-369 does not apply because this latter section refers only to cases where the court is directed by law to commit.

I can not understand why the Supreme Court in passing upon this case made no reference to Section 1536-383, which provides as follows:

''When a person has been convicted of a misdemeanor by any court or magistrate of this state in a district in which there is a work house, it shall be competent for such court or magistrate to sentence such person to such work house for a period not exceeding the maximum period of confinement in the jail of the county allowed by statute for such offenses; and in all such cases the court or magistrate may further order that such person stand committed to such work house until the costs of prosecution are paid, or he be discharged as herein provided; and in all cases where a fine may be imposed in punishment in whole or in part for an offense and the court or magistrate could order that such person stand committed to the jail of the county until such fine and the costs of prosecution are paid, such court or magistrate may order that such person stand committed to such work house until such fine and costs are paid.''

Our statutes define a misdemeanor to be any offense, the penalty of which is less than punishment in the penitentiary. This statute clearly gives to the court the authority to commit to the work house, and it is not limited in terms like Section 1536-369, which means only such cases as those where the court is directed by law to commit.

The Supreme Court having made no reference to this section which I have quoted, I am constrained to follow its plain terms unless otherwise directed, and in doing so, I find that the police court of Cincinnati was acting clearly within authority when it

committed the petitioner to the work house located in Cincinnati.

The statute that was construed by the Supreme Court was passed in 1870, and the statute under which I hold that the petitioner is properly committed in this case was passed in 1883.

I also find that Section 6801*b* makes like provisions for commitment of persons found guilty of misdemeanors in counties and municipalities having no work house, to sentence such persons to a work house in some other county or municipality after making proper arrangements therefor as set out in said statute.    But independent of the construction which I have placed on the statutes referred to, I find that the writ asked for herein should be refused.

If the police court under the statute was without authority to commit to the work house, did that act in itself make the whole proceeding void and thereby place the necessity upon this court of discharging the petitioner?

I think the general rule is well established that if the court had jurisdiction and power to convict and sentence, the writ can not issue to correct mere error.    *Ex Parte Parke*, 93 U. S., 23.

In the cases of *Graham* and *McDonald*, 74 Wis., 450, the petitioners applied for writs of habeas corpus, claiming to have been sentenced respectively to imprisonment in the state prison for thirteen and fourteen years, when the act under which convictions were had permitted imprisonment for not more than ten years nor less than three years.    The court said:

"We deny the writs for the reason that the error in the judgments does not render them void, or the imprisonment under them illegal in that sense which entitles them to be discharged on writ of habeas corpus.    The judgments are doubtless erroneous and would be reversed on a writ of error, but the judgments are not void.    The court had jurisdiction of the persons or subject-matter or offense, but made a mistake in the judgment. For mere error, no matter how flagrant, the remedy is not by habeas corpus.    The law is well settled in this court that on habeas corpus only jurisdictional defects are inquired into.    The writ does not raise questions of errors in law or irregularities in the proceedings."

In *Ex Parte Max*, 44 Cal., 579, Max petitioned to be discharged on habeas corpus, because he was sentenced as for conviction of a felony when he was convicted for a misdemeanor merely.    His

counsel contended the judgment was absolutely void and con-
ferred no authority to the warden to detain the petitioner.   The
court say:

"We are of the opinion, however, that the position can not
be maintained.   The indictment upon which judgment is founded
is sufficient in all respects.   The offense of the prisoner so con-
victed was one within the scope of the indictment, and the judg-
ment was one which the county court had authority to render
upon the appearance and plea of the petitioner.   These con-
ditions constitute jurisdiction; all others involve questions of
mere error, and the latter can not be inquired into on writ of
habeas corpus but only proceedings in error."

In *People* v. *Kelley,* 97 New York, 212, an application was
made for a writ of habeas corpus by a prisoner who had been
convicted of an assault in the third degree and sentenced to im-
prisonment at hard labor in the state prison for a term of one
year.   The court of appeals held that the offense was a misde-
meanor and punishable only by imprisonment for not more than
one year or by a fine of not more than five hundred dollars, or
by both.   The case was one of an excessive sentence upon a valid
conviction.   But the court refused to discharge the petitioner,
and remanded him to the sheriff in order that the trial court
might deal with him according to law.

In *Ex Parte Bond,* 9 S. C., 80, the petitioner had been con-
victed of assault with intent to kill and sentenced to confine-
ment in the penitentiary at hard labor.   The court held that
the offense was not punishment by confinement in the state
penitentiary, and that the sentence was therefore erroneous,
but that it was not void, and refused to discharge the prisoner
on habeas corpus.   See, also, 22 Kansas, 477;   32 Me., 440;   26
W. Va., 32.

*In re Bonner,* reported in 151 U. S., 252, is a well considered
case where the petitioner had been wrongfully confined in the
penitentiary.   The decree of the court was the discharge of the
petitioner from the custody of the warden of the penitentiary,
but without prejudice to a re-sentence.   In that case it was
claimed the sentence and order were void.

The decision in this case really modifies the strict rule set out

by Justice Harlan in the case of *Mills,* reported in 135 U. S., page 263.

I heartily endorse the following words from the decision of the Supreme Court of Pennsylvania in the case of *Beale* v. *Commonwealth,* 25 Pa. St., page 11:

"The common law embodies in itself sufficient reason and common sense to reject the monstrous doctrine that a prisoner who was guilty as established by a regular verdict, is to escape punishment altogether because the court committed an error in passing the sentence. If this court sanctioned such a rule it would fail to perform the chief duty for which it was established."

Coming now to Ohio cases, I quote from *Ex Parte Stephen R. Shaw,* 7 O. S., p. 81:

"A habeas corpus can not be used as a summary process to review or revise errors or irregularities in the sentence of a court of competent jurisdiction. Imprisonment under a sentence can not be unlawful, unless the sentence is an absolute nullity. If clearly unauthorized and void, relief from imprisonment may be obtained by habeas corpus. If voidable a writ of error is the appropriate remedy."

The court go on to say:

"It is said to be the practice in some parts of this state to use the writs of habeas corpus as a short and summary mode of reviewing as upon a writ of error and annulling the sentences of court. If this be so, it is an abuse of the writ of habeas corpus which can not be too soon corrected."

*Ex Parte Joseph VonHagen,* 25 O. S., p. 426:

"Habeas corpus is not the proper mode of redress where the relator has been convicted of a criminal offense and sentenced to imprisonment therefor by a court of competent jurisdiction. If error or irregularities have occurred in the proceedings, a writ of error is the proper remedy."

I find as heretofore stated that the petitioner was properly committed to the work house in Cincinnati. I further find that if a mistake was made such as claimed by counsel for the petitioner, in the sentence of the court, that the same should have been corrected by proceedings in error, and that habeas corpus is not the proper proceeding.

The writ is accordingly refused.