## EX PARTE COHEN ON HABEAS CORPUS.

A commitment for contempt, for refusing to obey an order of Court commanding the imprisonment of the party in contempt until he shall comply with the order, should set forth that it is in the power of the party to comply.

In order to give a Court jurisdiction of the subject matter, so as to enable it to issue orders or process, there must be a suit instituted in the Court.

Where the complaint was not filed until two days after an order of arrest had issued thereupon, *Held*, that the order of arrest was void.

This was a writ of *Habeas Corpus*, issued on the petition of A. A. Cohen, to the Sheriff of San Francisco county, commanding him to bring before the Court the body of A. A. Cohen, and to show cause why the latter was detained in custody.

The facts appearing by the return to the writ, are set forth in the opinion of the Court.

*Hoge & Wilson* for Petitioner.

The return of the officer shows the grounds of detention.

1. The proceedings for a contempt upon a judgment committal from the Fourth District Court:

These proceedings and the objections to them have already been fully presented on the argument of the *certiorari*, in the case of Adams *v.* Haskell & Woods, on the application of Cohen for his discharge, and the Court is referred to the brief on file in that case.*

2. The arrest under an order of the Judge of the Fourth Judicial District, in a suit brought by Adams & Co. *v.* Cohen, in the Fourth District Court:

The argument in this case will be confined to the latter cause of detention. By way of reply to the return and as testimony on the hearing, the petitioner has put in evidence the papers in the suit, consisting of the affidavit, order of arrest, complaint, undertaking and summons, and the record in the *certiorari* case.

It is now contended that the petitioner is entitled to his discharge upon the following grounds:

Irregularities in the issuing of the process. The affidavit was made on the 21st, the order of arrest on the 22d, reciting that the suit had already been commenced; and the complaint sworn to and filed on the 24th, and the summons issued on the same day, all in the month of January, 1856. The order of arrest therefore, was issued in a case not in existence.

*Shafter & Park* contra.

"The order of arrest was granted January 22d, and the suit was not commenced until January 24th."

It is not necessary that the suit should have been actually commenced by the filing of the complaint. It is enough that the order in fact accompanied the summons. § 77, Practice Act.

The order may be made, "*whenever* it shall be made to appear," etc. § 75. That is, at *any time.*

Mr. Justice TERRY delivered the opinion of the Court. Mr. Chief Justice MURRAY concurred.

The return to the writ shows that the petitioner is held in custody under a warrant of commitment, issued out of the Fourth District Court, in the case of Adams *v.* Haskell and Woods, directing that said Cohen and Edward Jones be imprisoned until they comply with a certain order of Court, requiring them to deliver to H. M. Naglee, a receiver appointed by said Court, all the books, papers, money and property in their hands belonging to Adams & Co.

And also a certain order of arrest, made by John S. Hager, Judge of

---

* See page 316.

the Fourth District Court, in a certain suit pending in said Court, in which H. M. Naglee is plaintiff and said Cohen is defendant.

In addition to the return of the officer, the petitioner produces as evidence on the hearing of his application, a record of the proceedings in the Court below on his application to be discharged from imprisonment. From this record, it appears that Cohen filed his affidavit in the Court below, setting out a compliance with said order as far as he was able.   Certain interrogatories were propounded to him, under the order of the Court, from the answers to which, with the affidavits and statement of accused on file, the Court decreed, " that said Cohen had not paid over to said receiver, according to the order of the Court, all the moneys received by him as receiver in this action, but had retained a portion of said moneys for his disbursements and compensation; the Court ordered and decided that said Cohen could not be the judge of his own compensation and disbursements, but they must be submitted, and passed upon by the Court and allowed, to entitle him to take them ; and in order to be discharged, he must first pay over all said moneys received by him as receiver—have his accounts passed upon and allowed, and pay over the balance found in his hands."

By the affidavit of Cohen, which is not contradicted, it appears that the disbursements charged, were made by him in the course of his receivership, and that the money claimed by him as compensation had been used about his own business, and that he had not so much money in his hands, and was, therefore, unable to comply with the order of the Court.

Under our statutes, the power of a Court to punish for a contempt is limited to a fine of five hundred dollars and imprisonment for five days, except when the contempt consists in the omission to perform an act which is yet in the power of a person to perform, in which case he may be imprisoned till he have performed it.   §§ 488 and 489 Prac. Act.

In this case, the Court does not find that it was in the power of Cohen to comply with the order ; and his affidavit, which was not contradicted, shows that it was not.

This being the case, we are satisfied that the Court exceeded its jurisdiction in making an order, which, from the record alluded to, was equivalent to a sentence of imprisonment for life.

It is admitted that the order of arrest mentioned in the return, was made by the Judge on the 22d day of January, 1856, while the complaint in the action in which it is entitled, is not filed until two days afterwards.

In order to give the Court jurisdiction of the subject matter, so as to enable it to issue orders or process, it is necessary that the action should be commenced.   Civil actions are commenced by filing a complaint with the clerk of the Court, and the issuance of a summons thereon. Pr. Act, § 22,   The Practice Act provides that the defendant may be arrested in a certain class of cases.   Until there is a suit instituted, there can be no defendant, and consequently no authority, under the statute, to issue an order of arrest.   The order of arrest in this case seems to

*Ex Parte* Cohen.

have been made by the Judge under a misapprehension of the fact, for the order recites that an action had been commenced and was pending between the parties. It appearing that no such action had been instituted at the time of issuing the order, it was void for want of jurisdiction. It is ordered that the prisoner be discharged.