[No. 10,054.]

## THE PEOPLE v. CHARLES P. O'NEIL.

APPEAL FROM JUDGMENT FOR CONTEMPT.—An appeal may be taken from a judgment for contempt, when the fine is for three hundred dollars, and the Court below has exceeded its jurisdiction, and there are facts *de hors* the record, which can only be brought up by a statement on appeal.

IDEM.—The point not decided, whether a judgment for contempt, rendered by a Court having jurisdiction to render it, may, in any case, be reviewed for mere error.

IDEM.—The question of jurisdiction is always open to review.

JURISDICTION OF JUDGE OUT OF HIS DISTRICT.—The Judge of one District, when in another District, has no jurisdiction, while the Judge of the latter District is presiding over and holding his own Court, to make an order in relation to a matter pending in the Court of the latter District.

PUNISHMENT FOR CONTEMPT.—A party cannot be punished for a contempt in violating an order which the Court had no jurisdiction to make.

APPEAL from the District Court of the Sixth Judicial District, County of Sacramento.

The defendant was adjudged to pay a fine of $300 for a contempt of Court, and he appealed from the judgment. A decree had been entered in the Sixth District Court, Judge Reardon presiding, divorcing the defendant from his wife, and awarding him the custody of an infant child.

The other facts are stated in the opinion.

*Beatty & Denson*, for Appellants, cited *Adams* v. *Woods*, 6 Cal. 316; *ex parte Cohen*, 6 Cal. 318; *ex parte Rowe*, 7 Cal. 175.

*John L. Love*, Attorney-General, for the Respondents, argued that the judgment of the Court, being a judgment for contempt, was not appealable, but was final and conclusive.

By the Court, CROCKETT, J.:

We think the judgment appealed from is appealable. It is for money and sufficient in amount to give jurisdiction to this Court. Some of the facts essential to a correct understanding of the case do not appear of record, and therefore

would not be brought up on certiorari, but are properly presented by a statement on appeal. We think an appeal in a case of this character, when facts *de hors* the record may be examined, is the appropriate remedy. We are also of opinion that the judgment, though purporting to be for a contempt, is appealable and is subject to review on the facts presented by this record. We are not called upon in this case to decide whether a judgment for contempt, rendered by a Court having jurisdiction to render it, may, in any case, be reviewed for mere error. But it is clear that the question of jurisdiction is always open to review. In *Adams* v. *Haskell & Wood* (6 Cal. 318), a party who had been committed for a contempt was discharged from custody and the judgment set aside, on the ground that the Court below had no jurisdiction to enter it. In *ex parte Cohen*, (Id. 319), a person committed for contempt was discharged from arrest on the same ground. To the same effect is *ex parte Rowe* (7 Cal. 181, 185). In *Batchelder* v. *Moore* (42 Cal. 413), this court reviewed on *certiorari* and set aside a judgment for contempt, on the ground that the Court exceeded its jurisdiction in entering the judgment. It is clear, therefore, that in such cases the question of jurisdiction is subject to review in the appellate Court. In this case the defendant was adjudged guilty of a contempt in having disobeyed the order made by Judge Reardon at chambers on the 24th of December, 1871, which order appears to have been filed in the District Court of the Sixth Judicial District on the 29th day of the same month. It appears in the case that the writ of habeas corpus was made returnable before Judge Reardon, then the Judge of the Fourteenth Judicial District, who was temporarily in the city of Sacramento, which is in the Sixth Judicial District; that he heard and decided the case at chambers in Sacramento on the 24th of December, 1871, and on that day made an order awarding the custody of the child to the father, with a provision that the mother "shall have access to visit and see said child at all reasonable and proper times." The order recites that the writ was "returnable before the undersigned District Judge of the Fourteenth

Judicial District, presiding in said Sixth Judicial District Court." But it appears from the order of Justice Sprague, ordering the writ to be returned before Judge Reardon, that it directs the return to be made "before the Hon. T. B. Reardon, at the District Court-room in the city of Sacramento," and omits any reference to the fact that he was then presiding in the Sixth Judicial District Court. But it further appears that at the time when the habeas corpus case was being heard before Judge Reardon, the District Court of the Sixth Judicial District for Sacramento county was in session, presided over by Judge Ramage, the Judge of that Court; and on the 29th of December the order made by Judge Reardon at chambers was filed and entered on the minutes of the Court. It is this order which the defendant is alleged to have violated, and for the violation of which a fine has been imposed upon him by the Sixth District Court. But if it was not an order of that Court, or of the presiding Judge thereof, it is obvious that the Court had no jurisdiction to punish the defendant for a violation of it.

It is legally impossible that Judge Reardon, when he made the order, was the presiding Judge of the Sixth Judicial Court, which was at that time in actual session, presided over by its own Judge, and the order was improperly placed among the files of the Court. It pertained to no proceeding pending in the Court or before the presiding Judge thereof; and of course cannot be made the foundation of a proceeding for contempt in that Court.

Judgment reversed and cause remanded with an order to the Court below to dismiss the proceeding.