40   207
126   349

THE STATE v. ANDERSON.

Contempt: PUBLICATION OF NEWSPAPER ARTICLE: ATTORNEY. The
   publication by an attorney of an article in a newspaper, criticising the
   rulings of the court in a cause tried and determined prior to the publi-
   cation, does not constitute contemptuous or violent behavior toward the
   court, punishable as contempt. Whether the publication, if made dur-
   ing the pendency of the trial, would justify the court in punishing the
   writer for contempt, *quaere*.

*Cetiorari to Lee District Court.*

THURSDAY, MARCH 18.

ON the petition of the defendant this cause is brought to
this court on *certiorari*. The defendant complains and alleges
that he was illegally convicted and fined for an alleged con-
tempt of the District Court. The material facts appear in
the opinion.

*Robert H. Gillmore,* for defendant.

No argument for the State.

MILLER, CH. J.—The record shows that the defendant, a
practicing attorney at law and a resident of Lee county, Iowa,
was, by the District Court of that county, found guilty of
a contempt of said court, and adjudged to pay a fine of
twenty-five dollars and costs.

The cause for this action of the court was the publication,
by defendant, of an article over his own signature, in the
"Daily Gate City," a newspaper published in the city of
Keokuk, where the court was held and while the same was in
session, in which article the rulings of the court, in a certain
cause which had been tried at that session of the court, were
reviewed and criticised by the defendant. A copy of the
paper containing the article, in the ordinary manner of pub-
lication, found its way into court and came to the notice of
the judge, whereupon a committee of members of the bar
was appointed by the court with a view to proceeding against

the defendant for a violation of his duty as an attorney of the court. This committee reported to the court their views, and recommended that no action be had in the premises. The court thereupon adjudged against defendant a fine of twenty-five dollars and costs. Of this he complains as being illegal.

The record shows affirmatively that the cause, in which the rulings of the court were made, and which are reviewed in the newspaper article, had been tried and determined prior to the publication of the article by defendant, and according to the rule established in the case of *Dunham v. The State of Iowa*, 6 Iowa, 245, the action of the District Court was erroneous. In that case it was held, that the publication of articles in a newspaper, reflecting upon the conduct of a judge in relation to a cause pending in court, which had been disposed of before the publication, however unjust and libelous the publication may be, did not amount to contemptuous or violent behavior towards the court, under chapter 94 of the Code of 1851, nor that such articles were so calculated to impede, embarrass, or obstruct the court in the administration of the law as to justify the summary punishment of the offender under that chapter. Chapter 113 of the Revision, which was in force at the time of the conviction in this case, is identical with the chapter of the Code of 1851 above mentioned.

The case above referred to was a much stronger one than the case before us; there the judge was denounced as arbitrary, oppressive, and as a violator of the constitution; here it appears that no disrespect of the judge was intended, although the correctness of the various rulings in the case is criticised somewhat severely, and it is implied by the article that the mind of the judge was biased in favor of the plaintiff therein. Both cases, however, fall within the same rule. The proceedings in the cause had been brought to a close, and what was said in the published article could in no manner influence the rulings of the court. The publication was not contemptuous or insolent behavior towards the court "*while engaged in the discharge of a judicial duty*," tending to impair the respect due to its authority. If it were true that the publication of the article did constitute "con-

temptuous or insolent behavior," tending to impair the respect due to the authority of the court, (and we do not decide whether it did or did not,) yet it was not "*towards the court while engaged in the discharge of a judicial duty*," as required to be by the statute in order to amount to contempt.

Whether, in case the article in question had been published while the court was engaged in the trial, or before the termination, of the cause in which the rulings of the court are criticised, it would have been sufficient to justify the court in punishing the author for contempt, we do not decide, for the reason that such state of case is not before us on the record. We decide, simply, that on the case presented, there was no legal cause for the judgment assessing a fine against the defendant for a contempt, and order that the judgment be

REVERSED.