[No. 6,980.—In Bank.]
October 19, 1880.

## L. HUERSTAL *v.* HUGH MUIR.

JUDGMENT FOR CONTEMPT—APPEAL—CASE LIMITED.—An appeal will not be entertained from a judgment of contempt in any case differing in its circumstances from that in *People* v. *O'Neil*, 47 Cal. 109, or not limited by the conditions therein considered as material.

ID.—ID.—ALIAS WRIT OF RESTITUTION.—Upon a judgment for contempt for re-entering upon land from which defendant had been ejected, the Court has no discretion to refuse an *alias* writ of restitution.  That portion of the judgment is merely incidental; and if the appeal can not be sustained as to the whole judgment, it must fail as to every part.

APPEAL from an order of the Fifteenth District Court in and for the County of Contra Costa.  DWINELLE, J.

*A. H. Griffith*, for Appellant.

*Temple Emmet*, for Respondent.

McKINSTRY, J.:

This is an appeal from an order of the late Fifteenth Judicial District Court, adjudging the defendant, Hugh Muir, guilty of contempt, for that, after having been removed from certain premises upon process duly served and issued upon a judgment in an action of ejectment, the said Muir had, without right, re-entered; and also directing that "an *alias* writ of execution and restitution issue."  Respondent has moved that the appeal be dismissed.

It has been suggested that the portion of the order directing that an *alias* writ issue may be separated from the rest, and an appeal be entertained from such portion.  But that

portion of the order is based upon the adjudication with respect to the contempt, and is merely incidental to such adjudication. The order is a whole, and if the appeal can not be sustained as to the whole, it must fail as to every part. The Court below, having found defendant guilty of the contempt, had no discretion to refuse the writ. (C. C. P., § 1210.)

The order is entitled, "In the District Court of the Fifteenth Judicial District, in and for the City and County of San Francisco," and was filed with the Clerk of the District Court of said city and county. The action was pending in the Fifteenth District Court in and for the County of Contra Costa. It may be assumed that the order has never taken effect as a valid order, because not entered by or filed with the Clerk of the Court for Contra Costa, as required by the Act creating the judicial district. (Stats. 1863–4, p. 479.) Nevertheless, it must be treated as being what it purports to be—an order of the Fifteenth District Court for San Francisco.

It is claimed by appellant that the order is void; but appeals have often been entertained from judgments and orders void in law.

This brings us to the question, whether the order adjudging the party guilty of contempt is appealable. In *People* v. *O'Neil,* 47 Cal. 109, it was held: "An appeal may be taken from a judgment for contempt, when the fine is for $300, and the Court below has exceeded its jurisdiction, and there are facts *dehors* the record, which can only be brought up on a statement on appeal." We are not inclined to extend the authority of that decision so as that it shall include any case differing in its circumstances, or not limited by the conditions therein considered as material. In the case now before us, no fine of $300 was imposed by the Court below; neither does it appear that there are facts *dehors* the record which could only be brought up by statement or bill of exceptions. It may be remarked, also, that the affidavits and papers found in the transcript are in no way identified as having been used at the trial of the alleged contempt.

The question, then, is, whether on a record which shows that an order adjudging a party guilty of contempt, by a Court which had no power to make an operative order in the

manner in which this order was made, can be reviewed on appeal.

Persons committed for contempt by the District Court have been discharged in *habeas corpus*, on the ground that, in the particular circumstances, the Court had no jurisdiction to adjudge the contempts. (*Ex parte Cohen*, 6 Cal. 318; id. 319; *Ex parte Rowe*, 7 id. 181.) But these cases do not strengthen the argument in favor of hearing appeals from contempt, judgments, and orders.

Section 1222 of the Code of Civil Procedure provides: "The judgments and orders of the Court or Judge made in cases of contempt are final and conclusive." This section is not intended to declare the absurdity that such judgments, when rendered without jurisdiction, may not be annulled by a proper proceeding. To give effect to its language, judgments and orders in cases of contempt must be held to be "final and conclusive," in the sense that they are not appealable.

In *People* v. *Wright*, 27 Cal. 151, a writ of prohibition issued to arrest the proceedings of a County Judge, who was about to try and punish a recalcitrant party for disobedience of an order of the District Court. In *Batchelder* v. *Moore*, 42 id. 413, a contempt order of the County Court was annulled by *certiorari;* and it must be remembered that *certiorari* can be resorted to only where there is no appeal.

It appears, therefore, that if a judicial officer is about to exceed his jurisdiction by trying for a contempt without legal power to do so, the party threatened may stay the proceeding by prohibition; if he actually adjudges one guilty of contempt without jurisdiction, his judgment may be annulled by *certiorari;* and if the judgment imposes an imprisonment, the prisoner may be discharged on *habeas corpus.* The remedy of the party injured in each case is ample, by resort to a common-law or a statutory writ.

We find no authority for the position, that an order adjudging one guilty of contempt may be appealed from simply on the ground that the record shows want of jurisdiction to render the judgment. It is admitted, on all sides, that if the lower Court has jurisdiction, such an order is not appealable.

The appellate jurisdiction of this Court can not depend upon the presence or absence of jurisdiction in the Court below. We have jurisdiction to hear appeals in all cases of contempt judgments—when the question presented by the record is simply as to the jurisdiction of the lower Court—or in none; since in all such cases, when we pass upon the jurisdiction of the Court below, we pass upon the merits of the appeal.

Motion granted.

Ross, Thornton, Myrick, and Sharpstein, JJ., concurred.