## No. 9633.

The State ex rel. Jas. E. Trimble vs. Judge of the Third Judicial District.

Prohibition lies against a judge who takes jurisdiction to decide a plea of recusation against himself, on the ground that he had been employed as advocate in the cause.

A rule, taken in a cause in which final judgment has been rendered, calling defendant to show cause why a writ of *capias ad satisfaciendum* should not issue, and why he should not pay the judgment or be sent to prison, is a proceeding in the same cause, and the judge who has been employed as advocate, even before the judgment, is subject to recusation. Nor is the case affected by the fact that he had been the counsel of the party who claims his recusation.

APPLICATION for Prohibition.

*W. S. Benedict* for the Relator.

The opinion of the Court was delivered by

Fenner, J. Relator applies for a writ of prohibition restraining the respondent judge from proceeding further in the trial of a certain issue arising in the case of School Board of Union Parish vs. J. E. Trimble.

The complaint is that the relator had filed a plea of recusation of the judge, under Art. 338 C. P. and Act 40 of 1880, on the grounds that he had been "employed as advocate in the cause;" that the judge refused to recuse himself, and refused to refer the plea to a judge *ad hoc* for trial, but himself tried and overruled the plea and maintained his right to try the cause.

Irrespective of the merits of the plea of recusation, it is clear relator is entitled to the relief sought, under our opinion as expressed in a very recent case, where we held, on both principle and precedent, that a judge is incompetent to determine a plea of his own recusation, but must refer it for trial to a judge *ad hoc* called for the purpose. State ex rel. Segura vs. Judge, 37 Ann. 253.

The only difference between that case and the instant one is, that in the former the ground of recusation was being personally interested in

the cause, while here the ground is having been employed as an advocate. It is a distinction without a difference, so far as the principle involved is concerned.

The facts are, that the judge had been relator's own counsel in the case of School Board vs. J. E. Trimble, which was finally decided in this Court in 1881, and is reported in 33 Ann. 1073.

The proceeding now taken is a rule on defendant to show cause why a writ of *capias ad satisfaciendum* should not issue, and why he should not pay the judgment or go to prison.

This rule is undoubtedly a proceeding in the cause of School Board vs. Trimble, in which the judge had been employed as an advocate. The high character of respondent renders superfluous his assurance that he has no interest in the controversy. But that is not the question. The law has made interest one ground of recusation and employment as an advocate another. Each is independent and equally effectual.

Nor does it make any difference that the judge had been relator's own counsel. The law makes no such distinction and we cannot make it. Nor does the law make any distinction between proceedings in a cause after and before judgment, or between proceedings before or after cessation of employment as advocate and settlement of all claims thereunder.

The law is unambiguous and we must apply it as we find it. If the proceeding (not merely formal) is in a cause in which the judge has been employed as advocate, the condition of recusation prescribed by the law is fulfilled. See on the general subject: Bryan vs. Austin, 10 Ann. 612; Amacker vs. Varnado, 19 Ann. 381; State vs. Judge, 27 Ann. 225; Succession of Fuqua, 27 Ann. 272; State vs. Judge, 33 Ann. 1293; Succession Pinaud, Mann, Un. C., 37; Nugent vs. Stark, 34 Ann. 628; Board vs. Perché, 36 Ann. 160; State ex rel. Segura vs. Judge, 37 Ann. 253.

It is, therefore, ordered and decreed that the writ of prohibition issue and be made perpetual.