*Re* OWENS.

Opinion delivered January 30, 1897.

CIRCUIT COURT—JURISDICTION TO ANNUL CONTRACT OF COUNTY COURT.— The circuit court has no jurisdiction upon its own motion to annul a contract made by the county court for the hire of county convicts.

Appeal from Lonoke Circuit Court.

GEORGE SIBLY, Special Judge.

STATEMENT BY THE COURT.

At the August term of the Lonoke circuit court, to wit: On the 17th day of August, 1896, a day of said

term, S. S. Glover, the sheriff of said county, reported to the court that J. H. Hicks, the contractor for the county prisoners, refused to pay costs and take the defendants convicted of misdemeanors in cases where the fine was less than twenty dollars. Whereupon an order was made commanding the sheriff to summons J. H. Hicks to appear before said court forthwith, to show cause why he should not pay costs and take the defendants convicted in misdemeanor cases where the fine imposed was less than twenty dollars. On the same day, in obedience to said commands, the said J. H. Hicks appeared before said court, and reported that he made a contract with the county judge of Lonoke county for the labor of persons convicted of misdemeanors, in which he was to take the labor of all persons convicted of misdemeanors and fined twenty dollars or more, and to pay the costs attending such convictions, and no others, except at his option. The court thereupon declared that said contract was without authority of law, and against public policy, and void; and further ordered and adjudged that all defendants convicted of misdemeanors in said court be disposed of by hiring out as provided by law; in default of the sheriff being able to hire out said convicts, that he dispose of them as is otherwise provided by law.

On the 18th day of August, 1896, O. U. Owens, as county judge of said county, was, by consent of court, made a party to this proceeding, and on the same day filed a motion to set aside said order. In the presentation of said motion the court had the contract brought into court, which was found to contain the provisions reported by said Hicks, *supra*. Said motion was then overruled by the court, but it amended the order previously made in words and figures as follows: "That said order is made in reference to defendants convicted of misdemeanors in this court, and for no other purpose or

intent, and that defendants convicted of misdemeanors in this court who fail or refuse to pay the fine and costs adjudged against them at once shall be hired out by the sheriff for a period of time not to exceed one day for every seventy-five cents of the fine and costs adjudged against each defendant." To the ruling and judgment of the court, said county judge excepted, and prayed an appeal, which was granted.

*Thos. C. Trimble* for appellant.

WOOD, J., (after stating the facts.) The court had no jurisdiction of the subject-matter. The proceedings in the court below could neither be styled a civil action nor a special proceeding. Sand. & H. Dig., secs. 5602, 5603. No one had brought suit or instituted proceedings to annul the contract entered into between J. H. Hicks and appellant. The court was without power to make the order upon its own motion. See *Ex parte* Cohen, 6 Cal. 318.

Reborversed.