[S. F. No. 2197.   Department One.—July 3, 1902.]

## CHARLES B. YOUNGER, Jr., Petitioner, v. SUPERIOR COURT OF SANTA CRUZ COUNTY, Respondent.

PARTITION—JUDGE MADE PARTY—EX PARTE ORDER STRIKING COMPLAINT FROM FILES — EXCESS OF JURISDICTION — CERTIORARI.— Where the judge of the court was made a party defendant to a complaint in an action for the partition of land, as the alleged claimant of an interest in the land, which interest was denied in the complaint, the court exceeded its jurisdiction in making an *ex parte* order, of its own motion, without notice to the other parties, or any hearing, striking the complaint from the files on the ground that the complaint was false, deceitful, and abusive in its allegation making the judge a party, and that it was done solely for the purpose of disqualifying him; and such order will be annulled upon *certiorari.*

ID.—POWER AND DUTY OF JUDGE MADE PARTY.—A judge made a party upon proper allegation cannot arbitrarily determine that he is not a proper party, nor that he is not interested; and the question as to whether or not the judge is made a party in good faith, or whether or not he is interested, should be determined upon notice and after a hearing, so that the record can be preserved and the matter passed upon in this court, in case it becomes necessary.

ID.— CONTEMPT OF COURT — HEARING — PUNISHMENT — LIMITATION OF POWER.—The mere fact of making the judge a party, if done in good faith, is not a contempt of court; but if it is found, after a hearing and trial first had, that it was done in bad faith, for the purpose of merely disqualifying the judge, and that the attorney was a party to such bad faith, as well as the client, both may be punished for contempt of court.   But the client cannot in such case be punished by the deprivation of property, or by striking the complaint from the files.

ID.—CERTIORARI—ABSENCE OF OTHER REMEDY—PETITION BY DEFENDANT IN PARTITION—BENEFICIAL INTEREST.—No judgment having been entered, and no right of appeal from the order complained of being given, there is no other plain, speedy, and adequate remedy to preclude a writ of *certiorari* to annul the order made in excess of jurisdiction; and a defendant in the partition case who is an actor seeking the partition is a party beneficially interested, and entitled to apply for the writ.

WRIT of *Certiorari* to annul an order of the Superior Court of Santa Cruz County.   Lucas F. Smith, Judge.

The facts are stated in the opinion.

Joseph H. Skirm, and Charles B. Younger, Jr., in *pro. per.*, for Petitioner.

Lindsay & Netherton, for Respondent.

COOPER, C.—This is an application for a writ of *certiorari*, for the purpose of reviewing an order of the superior court of the county of Santa Cruz, striking a complaint from the files. It appears from the verified petition and return that on July 15, 1899, one Helen Younger, as plaintiff, commenced an action in the superior court of Santa Cruz County for the partition of a tract of land in said county, described in the complaint, according to the respective rights of the parties to said action. The petitioner, Charles B. Younger, Jr., was made defendant, and the complaint in said cause alleges that the plaintiff therein and said Charles B. Younger, Jr., as joint tenants with each other, hold as tenants in common with certain other defendants therein named.

In said complaint Hon. Lucas F. Smith, the judge of the superior court of Santa Cruz County, was made a defendant, and it is alleged that he "claims to have some interest in or claim to or upon said above-described tract of land," but that he has no interest in the same, nor in any part thereof.

On the eighteenth day of July, 1899, a summons was issued upon said complaint, which was served upon the Hon. Lucas F. Smith on the eighth day of August, 1899. On the seventeenth day of August, 1899, after some of the defendants had appeared in the said action, and before any answer or appearance had been made by said Hon. Lucas F. Smith, the judge of said superior court, he, as superior judge, caused to be made and entered the order complained of here, directing the said complaint to be stricken from the files of the said court.

The said order recites that the complaint is false, deceitful, and abusive of the process and proceedings of the court in the matter of the allegation that Hon. Lucas F. Smith claims to have some interest in or claim to the land described in the complaint, and the order recites, "it further appearing to the court that said allegation in so far as it relates to the said Lucas F. Smith is absolutely false, and was known by the said plaintiff Helen Younger at the time of the signing

of said complaint, and also at the time of the filing thereof, to be false, and was therein alleged, as the court is satisfied, for the sole purpose of making said Lucas F. Smith a party defendant in said action in order to disqualify him as judge of said court in the trial of said action, and to prevent him from acting therein as such judge, and for no other reason, and to thereby impede and embarrass the due administration of justice in said superior court. Believing that every court of record has and should have the inherent right to protect itself against all forms of insult, deceit, and fraud, however attempted to be practiced upon it, and that it is the duty of the court so to do, and for the foregoing reasons, it is now therefore by the court here considered and ordered that the said complaint so filed as aforesaid be and the same hereby is stricken from the files of this court. Done in open court this seventeenth day of August, 1899. Lucas F. Smith, Judge of said Superior Court.''

The above order was made by the judge of said court of his own volition, without notice to any one, in the absence of plaintiff, and without any motion or suggestion by any party to said action, save the judge of said court. There was nothing in the complaint containing even a suggestion of disrespect to the court or the judge thereof. There is nothing to prevent a party from bringing an action against the judge of the superior court, or any other judge, in a proper case. The mere fact of bringing the suit and making the judge a party, if done in good faith, is not in any way contempt of court. No doubt but that if the judge was made a party by plaintiff, or by the advice of an attorney, for the sole purpose of disqualifying him, the parties so doing should be dealt with and punished in a proper proceeding and after notice. If an attorney of this court should so far forget the oath he has taken and the obligation he owes to his client and to society as to advise or be a party to preparing a sham pleading solely for the purpose of disqualifying the judge, he should be dealt with in a manner so as to prevent him from again casting odium upon the high profession of the law. But no punishment should be inflicted and no judgment passed without a hearing. So if the plaintiff has been a party to a sham attempt to disqualify the judge of the court having jurisdiction, she should, after a hearing, be properly dealt with, but not

by depriving her of her property or striking her complaint
from the files of the court. We must presume that an attorney
will not violate his oath, and that the complaint was filed in
good faith. Certainly the judge has not the power to pass
upon his own qualification without a hearing, and to deter-
mine that he has no interest in the case without giving any
opportunity to any one to show that he has such interest.
The provision of the Code of Civil Procedure (sec. 170), that
a judge shall not sit or act in an action or proceeding to which
he is a party or in which he is interested, is plain and man-
datory. Yet the expression ''to which he is a party'' means
to which he is a real party, and made so in good faith. It
evidently was not intended that a plaintiff could make all
the superior judges in the state save one parties, and thus
select his own judge. The question as to whether or not the
judge is a party, made so in good faith, or whether or not
he is interested, should be determined upon notice and after
a hearing, so that the record can be preserved and the matter
passed upon in this court, in case it becomes necessary. And
where the judge is made a party, upon proper allegation,
he cannot arbitrarily determine that he is not a proper party,
nor that he is not interested. In proceedings for contempt
the court cannot deprive parties of all redress in the ordinary
course of law, nor of the right to have the courts pass upon
questions properly presented. It must proceed according to
the law of the land, and not condemn without a hearing. It
must proceed from inquiry, and render judgment only after
trial.

The supreme court of the United States, in *Hovey* v. *Elliott,*
167 U. S. 409, in a very able and exhaustive opinion, and
after reviewing the authorities both in England and in this
country, held that a court had not the power to strike out
defendant's demurrer and direct judgment against him by
default as a punishment for contempt in refusing to obey
the order of the court to pay alimony in a divorce case. In
the opinion it is said:—

''Can it be doubted that due process of law signifies a right
to be heard in one's defense? If the legislative department
of the government were to enact a statute conferring the
right to condemn the citizen without any opportunity what-
ever of being heard, could it be pretended that such an enact-

ment would not be violative of the constitution? If this be true, as it undoubtedly is, how can it be said that the judicial department, the source and fountain of justice itself, has yet the authority to render lawful that which if done under the express legislative sanction would be violative of the constitution? If such power obtains, then the judicial department of the government, sitting to uphold and enforce the constitution, is the only one possessing power to disregard it. If such authority exists, then, in consequence of their establishment to compel obedience to law and enforce justice, courts possess the right to inflict the very wrongs which they were created to prevent. . . . Until notice is given, the court has no jurisdiction in any case to proceed to judgment, whatever its authority may be by the law of its organization over the subject-matter. But notice is only for the purpose of affording the party an opportunity of being heard upon the claim or the charges made; it is a summons to him to appear and speak, if he has anything to say, why the judgment sought should not be rendered. The denial to a party of the benefit of a notice would be in effect to deny that he is entitled to notice at all, and the sham and deceptive proceeding had better be omitted altogether. It would be like saying to the party, Appear and you shall be heard; and, when he has appeared, saying, Your appearance shall not be recognized, and you shall not be heard.''

The above language was quoted and approved by this court in *McClatchy* v. *Superior Court,* 119 Cal. 419, and *Foley* v. *Foley,* 120 Cal. 40.[1]

In the latter case it was held that the court had no power to strike out defendant's demurrer as a punishment for contempt in refusing to pay alimony. In the opinion it is said:—

''While the general remedial power of a court of equity to take all proper measures to coerce respect and obedience to its lawful orders has always been recognized, to the extent that a party in default may justly be denied the right to have any affirmative action of the court sought by him until he shall have purged himself of his contempt, that power has never extended to a point that would authorize a denial to a party of the right to be heard in defense to any affirmative

[1] 65 Am. St. Rep. 147.

judgment proposed to be taken against him whereby he would be deprived of any substantive right of person or property.''

The court in making the order exceeded its jurisdiction, and there is no other plain, speedy, and adequate remedy. No judgment was entered and there does not appear to be any right of appeal from the order. ''Any departure from those recognized and established requirements of law, however close the apparent adherence to mere form in method of procedure, which has the effect to deprive one of a constitutional right is as much an excess of jurisdiction as where there is an inceptive lack of power.'' (*McClatchy* v. *Superior Court,* 119 Cal. 419; *Schwarz* v. *Superior Court,* 111 Cal. 112; *Tomsky* v. *Superior Court,* 131 Cal. 623.) And the petitioner is a party beneficially interested within the meaning of section 1069 of the Code of Civil Procedure. He has filed an answer in which he asks for a partition of the property. In such case all the parties are actors and interested in the proceeding. (*Senter* v. *De Bernal,* 38 Cal. 642; *Grant* v. *Murphy,* 116 Cal. 427.[1])

We advise that the order be set aside and annulled.

Chipman, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the order is set aside and annulled.

Harrison, J., Garoutte, J., Van Dyke, J.

---

[1] 58 Am. St. Rep. 188.