(March 10, 1923.)

EARL H. POFF, MARY CLAY DAHLQUIST, and BENJAMIN F. TWEEDY, Plaintiffs, v. WALLACE N. SCALES, District Judge, Defendant.

[213 Pac. 1019.]

JUDGE ACTING WITHOUT JURISDICTION—PROHIBITION PROPER REMEDY—ACTION AGAINST JUDGE—DUTY OF JUDGE TO TRANSFER CASE—CONTEMPTS—POWER OF COURTS TO PUNISH—REMEDY OF PARTY AGGRIEVED.

1. The writ of prohibition is the proper remedy when a district judge assumes to act in a case to which he is a party and in which he has a direct interest.

2. When it appears from the complaint that a district judge is a party to an action and that he has a direct interest therein he is without jurisdiction to pass upon any question affecting the merits of such action and should at once order it transferred to another district court.

3. The power to punish for contempts is inherent in all courts, but the mere bringing of an action against a judge, whether of a trial or an appellate court, cannot be made a contempt if it is brought in good faith and the allegations of the complaint are only such as are appropriate to the kind of action brought.

4. The filing of a complaint against a district judge in vacation in one county while the judge is in another county, if admittedly contemptuous, is not a contempt "committed in the immediate view and presence of the court, or judge at chambers," and cannot be legally punished in a summary manner.

5. The statutory provisions that "The judgments and orders of the court or judge, made in cases of contempt, are final and conclusive," means that such judgments and orders are not appealable. It does not mean that if the court or judge proceeds without jurisdiction the party aggrieved is wholly without remedy.

Original proceeding for Writ of Prohibition. *Granted.*

Publisher's Note.

1. Prohibition to prevent prejudiced judge proceeding with a case, see note in 8 A. L. R. 1238.

Ben. F. Tweedy, for Plaintiffs.

Where a judge is disqualified, if he acts in a pending suit he acts without or in excess of jurisdiction, and a permanent writ of prohibition should be granted against him. (*Forest Coal Co. v. Doolittle,* 54 W. Va. 210, 46 S. E. 238; *North Bloomfield etc. Co. v. Keyser,* 58 Cal. 316; *State v. Seattle Board,* 19 Wash. 8, 67 Am. St. 706, 52 Pac. 317, 40 L. R. A. 317; *State v. Judge of Third Judicial District,* 38 La. Ann. 247; *State v. Judge of Twenty-first Judicial District,* 37 La. Ann. 253; *Oakley v. Aspinwall,* 3 N. Y. 547; *People v. Gill,* 131 N. Y. Supp. 902; *People v. District Court,* 60 Colo. 1, 152 Pac. 149.)

Where a judge or court has no jurisdiction to proceed in an action, or where no contempt has been committed at all, a permanent writ of prohibition should be granted against contempt proceedings. (*State v. Circuit Court,* 97 Wis. 1; 65 Am. St. 90, 72 N. W. 193, 38 L. R. A. 554; *People v. Mayer,* 24 N. Y. Supp. 621; *Ruggles v. Superior Court,* 103 Cal. 125, 37 Pac. 211; *Burke v. Superior Court,* 7 Cal. App. 178, 93 Pac. 1058; *Gorden v. Buckles, Judge,* 92 Cal. 481, 28 Pac. 490; *People v. Carrington,* 5 Utah, 531, 17 Pac. 735; *State v. Superior Court,* 31 Wash. 481, 71 Pac. 1095; *State v. Langhorne,* 8 Wash. 447, 36 Pac. 438.)

The commencement of a proper action against a judge, or the making of allegations in any paper filed that are material to the relief sought, authorized and legalized, is not contempt of a judge or of a court, although the allegations may, to some extent, be a reflection on the judge or court. (*Works v. Superior Court,* 130 Cal. 304, 62 Pac. 507; *In re Cottingham,* 66 Colo. 335, 182 Pac. 2; *Younger v. Superior Court,* 136 Cal. 682, 69 Pac. 485; *Harkness v. Hyde,* 31 Ida. 784, 176 Pac. 885.)

Eugene A. Cox, Samuel O. Tannahill, Robt. D. Leeper and Noel B. Martin, for Defendant.

The judgment of the district court in a matter of contempt is final and conclusive. (C. S., sec. 7396; *McDougall v. Sheridan,* 23 Ida. 191, 128 Pac. 954.)

The district court as a court of record has inherent power to punish contempts and to expunge from its records and files all scurrilous, scandalous, impertinent and defamatory matter or pleadings. (*McDougall v. Sheridan,* 23 Ida. 191, 128 Pac. 954; *In re Debs,* 158 U. S. 564, 15 Sup. Ct. 900, 39 L. ed. 1092; *Ex parte Terry,* 128 U. S. 225, 9 Sup. Ct. 77, 32 L. ed. 405; *Ex parte Robinson,* 86 U. S. 505, 22 L. ed. 205; *Ex parte Tillinghast,* 4 Pet. 708, 7 L. ed. 798; *Bradley v. Fisher,* 80 U. S. 352, 20 L. ed. 646; *Lambertson v. Superior Court,* 151 Cal. 458, 91 Pac. 100, 11 L. R. A., N. S., 619; *Hughes v. Moncur,* 28 Cal. App. 462, 152 Pac. 968; *Ex parte Ah Men,* 77 Cal. 198, 19 Pac. 380.) This rule is applied without exception by the different states and federal courts as appears by copious note shown in 8 A. L. R. 1543 et seq.; *People v. Durrant,* 116 Cal. 179, 48 Pac. 75.

The fact that the pleading purported to be filed against the judge does not relieve the plaintiffs herein from liability for contemptuous matter contained therein, and does not relieve this defendant from the duty of punishing such contempt and does not disqualify him from taking action in regard to such contempt. (Const. Ida., art. 5, sec. 13; *Morrison v. Snow,* 26 Utah, 247, 72 Pac. 924; *In re Snow,* 27 Utah, 265, 75 Pac. 741; *Ropes v. Stewart,* 54 Fla. 185, 45 So. 31; *Kelley v. Boettcher,* 85 Fed. 55, 29 C. C. A. 14; *Kruegel v. Bolanz,* 100 Tex. 572, 102 S. W. 110; *McDougall v. Sheridan, supra.*)

Public policy demands, and for time immemorial the law has been, that a judge of a court of record be immune from suit because of any matter arising out of the exercise of his judicial function. (*Hill v. Morgan,* 9 Ida. 777, 76 Pac. 765; *Bradley v. Fisher, supra; Randall v. Brigham,* 74 U. S. 283, 19 L. ed. 285; *Casserleigh v. Malone,* 50 Colo. 597, 115 Pac. 520; *Comstock v. Eagleton,* 110 Okl. 487, 69 Pac. 955; *Kroegel v. Murphy* (Tex. Civ.), 126 S. W. 343; *Kruegel v. Cobb* (Tex. Civ.), 124 S. W. 723; *Kruegel v. Bolanz, supra; Alzua v. Johnson,* 231 U. S. 106, 34 Sup. Ct. 27, 58 L. ed. 142; *Grove v. Van Duyn,* 44 N. J. L. 654, 43 Am. Rep. 412; *Broom v. Douglass,* 175 Ala. 268, 57 So. 860; *Harrison v.*

*Redden,* 53 Kan. 265, 36 Pac. 325; *Pickett v. Wallace,* 57 Cal. 555.)

DUNN, J.—On application of plaintiffs to this court for a writ of prohibition against the defendant as judge of the tenth judicial district an alternative writ was granted requiring said defendant to show cause why he should not be restrained from further proceedings in certain actions brought in the district court of Nez Perce county in which Mary Clay Dahlquist and Earl H. Poff, respectively, were plaintiffs and said defendant herein and other parties were defendants, and why said defendant herein should not be restrained from proceeding to punish the plaintiffs in this action as for contempt of court in bringing the said actions.

The application for the writ sets forth *verbatim* a copy of the amended complaint of Mary Clay Dahlquist against the said judge and other defendants, from which it appears that the plaintiff in said action was seeking damages in the sum of $100,000 against the said judge and other defendants because of an alleged conspiracy charged to have been entered into by the defendants in said action to unlawfully take from said plaintiff in a condemnation action a certain portion of her farm for a right of way for a state highway and to compel her to accept as a part of her damages certain fences in lieu of money. The said complaint further sets out the imprisonment for contempt of court of plaintiff in said condemnation action by order of the said judge, "without any right, power or jurisdiction," to aid and assist the consummation of said conspiracy.

The application also sets out *verbatim* a certain order entered by the judge of said district court striking from the files of said court the said amended complaint. Said order contains the following:

"The language charging Wallace N. Scales, the Judge of this court, and the other defendants with said alleged conspiracy was abusive, disrespectful, insulting and contemptuous. The allegations made are of a most serious character and would be attended with the gravest results if established.

"The complaint in this case is signed by Benjamin F. Tweedy, attorney for plaintiff Mary Clay Dahlquist, and verified by Mary Clay Dahlquist.

"The procedure in this case, if practiced, would be to suffer the judicial respect, integrity, honor and reputation of courts and judges to be attacked and overthrown, and the honor of judicial officers would be exposed to malice or rage of disappointed attorneys and parties whose evil inclinations, anger, or passion would thus seek gratification.

"The allegations of this complaint are so palpably false that the conclusion is irresistible that the said Mary Clay Dahlquist is guilty of the crime of perjury, and that her attorney, Benjamin F. Tweedy, is also guilty of the crime of perjury.

"It also appears that by making and filing said complaint Mary Clay Dahlquist and her attorney, Benjamin F. Tweedy, are each guilty of contempt of court.

"It is unquestionable and has been from the earliest days of the common law that a judicial officer cannot be called to account in a civil action for his determination and acts in his judicial capacity, however erroneous or by whatever motives prompted; and it appears that the conduct of Benjamin F. Tweedy, an attorney of this court, is in the highest degree unprofessional and improper, and that he has violated his duties as an attorney at law.

"Therefore it is ordered by the Court that the complaint herein be stricken from the files, and that all the record, and files in this case be retained in the custody of the clerk of this court, not to be removed therefrom except upon the order of the judge of this court or of the supreme court of the state of Idaho, and that the plaintiff have until the 26th day of December, 1922, at five o'clock P. M., of said day, to file another and proper complaint herein, if she so desires;

"That a citation issue directed to Mary Clay Dahlquist to show cause, if any she has, why she should not be adjudged in contempt of this court."

In the action brought by Earl H. Poff, the allegations were similar, the prayer for judgment for $50,000, and the order of the court striking the amended complaint was substantially the same as in the Dahlquist case.

The defendant demurred to the application for writ of prohibition on the ground that it does not state facts sufficient to constitute a cause of action and also on the ground that this court has no jurisdiction of the subject matter of this action, that the judgment or order of the defendant as judge of the district court in a contempt proceeding is not subject to review by this or any other court, and upon the further ground, "That as appears upon the face of the petition the allegations contained in the complaints of these petitioners described in the foregoing paragraph as against this defendant as judge of the said court were and are scandalous, scurrilous, impertinent and contemptuous, constitute an assault upon the integrity, honor and dignity of this defendant as judge of the said court and upon the said court, and it is without the jurisdiction of this court to prohibit this defendant from punishing said contempts or from striking the said scandalous, scurrilous, impertinent and contemptuous matters from the files."

The application states facts sufficient to constitute a cause of action for writ of prohibition against the defendant. It is presumed that the contention of the defendant that this court is without jurisdiction to review the action of the district court in a contempt proceeding is based upon C. S., sec. 7396, which says that "the judgment and orders of the court or judge, made in cases of contempt, are final and conclusive."

This section means simply that no appeal lies from such judgment or order. It was adopted from California and in construing it the supreme court of that state said:

"This section is not intended to declare the absurdity that such judgments, when rendered without jurisdiction, may not be annulled by a proper proceeding. To give effect to its language, judgments and orders in cases of contempt

must be held to be 'final and conclusive,' in the sense that they are not appealable. . . . .

"It appears, therefore, that if a judicial officer is about to exceed his jurisdiction by trying for a contempt without legal power to do so, the party threatened may stay the proceeding by prohibition; if he actually adjudges one guilty of contempt without jurisdiction, his judgment may be annulled by *certiorari*; and if the judgment imposes an imprisonment, the prisoner may be discharged on *habeas corpus*. The remedy of the party injured in each case is ample, by resort to a common-law or a statutory writ." (*Huerstal v. Muir*, 62 Cal. 479.)

See, also, *State v. Circuit Court*, 97 Wis. 1, 65 Am. St. 90, 72 N. W. 193, 38 L. R. A. 554; *In re Pryor*, 18 Kan. 72, 26 Am. St. 747; *Storey v. People*, 79 Ill. 45, 22 Am. Rep. 158; *State v. Anderson*, 40 Iowa, 207; *Works v. Superior Court*, 130 Cal. 304, 62 Pac. 507; *In re Cottingham*, 66 Colo. 335, 182 Pac. 2.

The demurrer of the defendant is overruled.

Defendant also filed his answer to the application for the writ, admitting the striking of the amended complaint in the damage actions and his intention to proceed against the said Poff and Mary Clay Dahlquist for contempt in bringing said actions, and denying that he was without jurisdiction to strike said complaints or to proceed against said parties as for contempt.

He also filed an affirmative answer in which he sets up fully the proceedings in the condemnation case out of which grew the contempt proceedings which constitute the basis for the damage action brought against defendant, resulting in striking the complaints from the files of his court. A large number of affidavits were also filed by the defendant in support of the contempt proceedings that were instituted against Poff and Mary Clay Dahlquist in the condemnation case. These affidavits are immaterial for the purposes of this proceeding for a writ of prohibition and the motion of the plaintiffs in this case to strike said affidavits is granted.

Plaintiffs also demur to the affirmative answer on the ground that said affirmative answer does not state a defense to the petition and that it does not state facts sufficient to show cause why ˙ the alternative writ should not be made permanent against the defendant, and we think the demurrer should be sustained.

Much of the oral argument and much of the briefs filed by both parties to this proceeding is devoted to a discussion of the jurisdiction of courts to deal generally with contempts. There can be no question of the power of courts to punish for contempts. In *Ex parte Robinson,* 19 Wall. (86 U. S.) 505, 22 L. ed. 205, the court said: "The power to punish for contempts is inherent in all courts; its existence is essential to the preservation of order in judicial proceedings. and to the enforcement of the judgments, orders and writs of the courts and, consequently, to the due administration of justice."

No case has been cited, and we think none can be cited, holding to the contrary.

We are of the opinion, however, that this case must be decided upon other grounds than those involved in ordinary contempt proceedings, and these are: First, the question of the right of the defendant to take any steps affecting the merits of the damage action against himself; and, second, the question whether or not the filing of said damage actions constituted a contempt on the part of either of said plaintiffs or of their counsel, Benjamin F. Tweedy. In the pleadings filed by defendant as well as in the arguments of his counsel the contention appears to be that there is involved in this action the question of the jurisdiction of the district court and of the power of the legislature to enact any law affecting such jurisdiction. This is a mistaken view of the matter. ˙ There is here no question of the jurisdiction of the district court. It is solely a question of the jurisdiction of a particular person to sit in judgment upon a case in which he is named as a party defendant and in which is sought a money judgment against him. Whatever may be said as to the power of the legislature to extend or

36 Idaho.—49

limit the jurisdiction of the district court, the fact remains that it has power to enact such a law as it has enacted in this state, which is as follows:

"Sec. 6499. A judge cannot act as such in any of the following cases:

"1. In an action or proceeding to which he is a party, or in which he is interested.

"2. When he is related to either party by consanguinity or affinity within the third degree, computed according to the rules of law.

"3. When he has been attorney or counsel for either party in the action or proceeding. But this section does not apply to the arrangement of the calendar or the regulation of the order of business, nor to the power of transferring the cause to another county."

C. S., sec. 6667, reads in part as follows:

"Whenever in any action pending before any court, the judge or justice thereof shall be disqualified from acting therein, or, if from any cause the court orders the place of trial to be changed, it must be transferred for trial to such other court of competent jurisdiction as may be agreed upon by the parties by stipulation in writing in open court, and entered in the minutes; or, if they do not agree, then to the nearest court where the like objection or cause for making the order does not exist, as follows:

"1. If in the district court, to another district court."

There is no denial here and there can be none that the district judge of the tenth judicial district is a party to the damage actions nor that he is interested in said actions. A mere inspection of the complaint discloses both of these facts. Defendant appears to take the position that if plaintiffs herein thought he was disqualified in the damage actions they should have made a showing to that effect, but in this he is in error. The complaint itself, coupled with the foregoing statutes, made his disqualification complete and left nothing for said plaintiffs to do in that regard. There was no question of his jurisdiction for him to pass upon. The law had already decided that question against him. When this case

came before him it was his duty under C. S., sec. 6499, and C. S., sec. 6667, to refrain from any action whatever therein and to transfer it to another district court. (*Newman v. Dist. Court*, 32 Ida. 607, 186 Pac. 922.) The orders striking said complaints are absolutely void and said actions are still pending.

Aside from the statutory provision disqualifying a judge who is a party or who is interested in the action, the legal principle is as old as the courts that one may not be a judge in his own cause. If this statute and this principle are to be set aside it would in a case of this kind nullify the constitutional provision of this state that "right and justice shall be administered without . . . . prejudice." (Sec. 18, art. 1.)

We are not prepared to subscribe to the contention of defendant that no action whatever would lie against a district judge for any act of his which purported to be performed in his capacity as a district judge. The supreme court of the United States in the case of *Bradley v. Fisher*, 13 Wall. (80 U. S.) 35, 20 L. ed. 646, announced the following rule, which we think is the correct one in cases of this kind:

"Judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly. A distinction must be here observed between excess of jurisdiction and the clear absence of all jurisdiction over the subject matter. Where there is clearly no jurisdiction over the subject matter, any authority exercised is a usurped authority, and for the exercise of such authority, when the want of jurisdiction is known to the judge, no excuse is permissible. But where jurisdiction over the subject matter is invested by law in the judge, or in the court which he holds, the manner and extent in which the jurisdiction shall be exercised are generally as much questions for his determination as any other questions involved in the case, although upon the correctness of his determination in these particulars the validity of his judgments may depend."

We are not attempting to decide in this proceeding whether or not the complaints stricken by the defendant stated facts that constituted a cause of action against him. We make no ruling on that question because it is not before us. Here we are dealing with the sole question of the jurisdiction of the defendant to act in said cases. It is sufficient for all purposes in this case to say that the question whether a cause of action was stated against him was a judicial one going to the merits of the action, and under the law of this state as quoted above he was disqualified to pass upon it because he was a party to the suit and directly interested therein. If the law as to actions against a judge is as well settled as he contends, then if no cause of action is stated in these complaints he has nothing to fear from allowing that question to be determined by another judge who is under no disqualification. On the other hand, if a cause of action is stated he has no right to dispose of the case on the merits by striking the complaint. This question has been passed upon by other courts and we have found no decision holding that in such a case as this the judge who is a party and who has a financial interest in the outcome of the suit may pass upon any question affecting the merits of the action. The case of *State v. Judge of 21st Judicial District,* 37 La. Ann. 253, was one involving the right of a judge to sit in just such a case as this and the supreme court of Louisiana said:

"The judge returns and argues elaborately to show that the recusation is not well founded and that he overruled it correctly.

"It may well be, as the respondent claims, that the relator has no just foundation to recuse him, and that the plea has no merit; but, if such indeed be the case, it is not for him to say so.

"His duty was, on the filing of the recusation; to have recused himself, to have called in another judge to try the plea and eventually the case, and to have abstained from expressing jurisdiction over the matter pertaining to the case, until the plea had been effectually overruled.

"In the case of *Hunter v. Blackman,* our immediate predecessors said, that a recused judge is incompetent to make any order, except one of recusation. If the power exercised by the judge should be recognized, it would insure an immunity from legal pursuit. The law, they said, never contemplated that any man, however honorable, should be a judge in his own case. (Manning's Unrep. Cases, 427.)"

See, also, *State v. Judge of the Third Judicial District,* 38 La. Ann. 247; *Forest Coal Co. v. Doolittle, Judge,* 54 W. Va. 210, 46 S. E. 238; Black on Judgments, secs. 174, 266; *Signourney v. Sibley,* 21 Pick. (Mass.) 101, 32 Am. Dec. 248; *Gay v. Minot,* 3 Cush. (Mass.) 352; Cooley, Const. Lim. 243, 592–595; *Lindsay-Strathmore Irr. Dist. v. Superior Court,* 182 Cal. 315, 187 Pac. 1056; *Younger v. Superior Court,* 136 Cal. 682, 69 Pac. 485.

In the eminent domain action which has been mentioned herein the defendant as district judge issued an injunction restraining the said Poff and Mary Clay Dahlquist from interfering with persons who were connected with the construction of the highway through the lands of said Mary Clay Dahlquist. Afterwards proceedings for contempt of court were had against the said Poff and Mary Clay Dahlquist for violating said injunction and as a result of said proceedings the defendant herein adjudged said persons guilty and caused them to be imprisoned in the county jail of Nez Perce county for twenty and thirty days respectively. Thereafter this imprisonment and the proceedings leading up to it were made the basis of the actions for damages against the defendant, the complaints in which he struck from the files of his court. The defendant herein now proposes to punish the plaintiffs in these damage actions and also their attorney for contempt of court in bringing said actions, and this proceeding for writ of prohibition is in part to restrain him from so punishing said parties.

Whether plaintiffs are entitled to such writ depends upon the question whether the bringing of said actions constituted contempt of court. The contempt proceedings were brought in the eminent domain action, and not as an inde-

pendent action. They were not a necessary part of the eminent domain action, but were merely incidental thereto. At the time of commencing the actions for damages all of the contempt proceedings in the eminent domain action had been finally disposed of. It is to be presumed that plaintiffs brought the damage actions against the defendant on the advice of their counsel. While it is asserted by the defendant herein that the allegations as to conspiracy and his acting without jurisdiction are false, it is not claimed anywhere in the record that counsel for plaintiffs and the plaintiffs were not acting in good faith in bringing said actions. It is claimed that the said actions were based upon statements that were not only false but known by said plaintiffs and their counsel to be false at the time of bringing the actions, nor that they were brought maliciously and without probable cause for the purpose of injuring the defendant. If said actions should finally be held not to be well founded and to state no cause of action against the defendant, that of itself would not be proof that the parties were guilty of contempt in bringing them, if they and their counsel honestly believed the statements made in said complaints and believed that thereon they were entitled to a recovery against the defendant. If the averments of this complaint were made in good faith in a belief that they were true, and were not couched in language that would be justly condemned in an action against one not a judge, then plaintiffs must be held to be simply exercising a right given them by law to bring their actions and have them passed upon by a competent tribunal. (Sec. 18, art. 1, State Constitution.) It is a matter of daily occurrence for parties to bring actions on the advice of counsel and to be sent out of court with a decision that they have no cause of action against the party sued. The parties sued in such cases have no legal cause to complain if their adversaries have only exercised in a proper manner the rights that the law gives them. The same rule must apply to a judge. There is nothing sacred about either trial or appellate judges. The protection that the law throws around them in the way of

exempting them from liability in civil actions for their official acts is not because their rights are superior to the rights of other officers, or of other persons, but to render them and the courts independent in their judgments and to protect the interests of litigants and the public. It has been well said that there are other rights protected by law that are as sacred as the rights of judges and courts, and it is inconceivable that a citizen in the exercise of rights given him by the law could be at the same time because of such exercise guilty of contempt of court.

Without doubt it is unpleasant to a judge to have an action brought against him. It may be humiliating and even injurious to him. So also it is to have affidavits of bias and prejudice filed against him in actions to which he is not a party, but such considerations are held not to deprive a party of his privilege to have the questions that concern his rights fully presented to the court. This phase of the case is clearly exemplified by *Lamberson v. Superior Court,* 151 Cal. 458, 91 Pac. 100, 11 L. R. A., N. S., 619, cited by counsel for defendant herein. In that case a party made application for a change of judges and in his affidavit stated that he believed the sitting judge had knowingly made rulings and given instructions that were not the law and that he believed many other things—stating them—equally as bad as those herein stated, if not worse. The supreme court held the affidavit contemptuous because it stated the mere belief of the affiant and stated no facts, but said: "So, while it is true that matters which are pertinent to the consideration and which are charged as facts are admissible, without reference to their effect upon the reputation of the judge, or of anyone else, it is equally true that neither attorney nor litigant has any right to present such degrading accusations under the guise of mere belief, without the aid of a single supporting fact. (*May v. Ball* (Ky.), 67 S. W. 257.)"

The decision of the Kansas supreme court, *In re Pryor,* 18 Kan. 72, 26 Am. Rep. 747, by Justice Brewer, says:

"It will be borne in mind that the remarks we have made apply only while the matters which give rise to the words or acts of the attorney are pending and undetermined. Other considerations apply after the matters have finally been determined, the orders signed, or the judgment entered. For no judge, and no court, high or low, is beyond the reach of public and individual criticism. After a case is disposed of, a court or judge has no power to compel the public, or any individual thereof, attorney or otherwise, to consider his rulings correct, his conduct proper, or even his integrity free from stain, or to punish for contempt any mere criticism or animadversion thereon, no matter how severe or unjust."

In the case of *McDougall v. Sheridan*, 23 Ida. 191, 128 Pac. 954, the contempt dealt with was expressly limited to an action pending at the time of its commission.

See, also, *State v. Circuit Court*, 97 Wis. 1, 65 Am. St. 90, 72 N. W. 193, 88 L. R. A. 554.

The mere bringing of an action against a judge, whether of a trial or an appellate court, cannot be made a contempt if it is brought in good faith and the allegations of the complaint are only such as are appropriate to the kind of action brought. (*Younger v. Superior Court*, 136 Cal. 682, 69 Pac. 485.) By this we do not mean to say that a complaint may not be so framed as to constitute a contempt, for instance, if it contains irrelevant matter abusive of the judge or matter unnecessarily reflecting upon his character or conduct and apparently injected into the action solely for the purpose of causing unnecessary injury to him, or when it clearly appears that the judge is made a party to the action for the sole purpose of disqualifying him in the case.

Defendant is proceeding in this case to punish Poff and Mary Clay Dahlquist summarily as for a contempt "committed in the immediate view and presence of the court, or judge at chambers." The record shows that at the time of the filing in Lewiston, Nez Perce county, of the complaints against the defendant which are the basis of the contention that said parties committed a contempt of court the district

court of Nez Perce county was not in session and the de-fendant, the judge of said court, was holding a term in Grangeville, Idaho county. In our opinion these facts negative the claim that the contempt, if one were committed, was "committed in the immediate view and presence of the court, or judge at chambers," and it is clear that the summary method of punishment provided for by C. S., sec. 735, should not be followed. If, after a judge who is not disqualified has passed upon the sufficiency of the complaints involved here, the defendant shall feel that a contempt pro-ceeding should be instituted against these parties, it should be initiated in the manner prescribed for dealing with con-tempts "not committed in the immediate view and presence of the court, or judge at chambers," as provided by C. S., secs. 7385 and 7386.

We are not in this proceeding determining whether or not the filing of these complaints alone would justify the initia-tion of contempt proceedings against plaintiffs or their counsel, but leave that matter for the determination of the trial court in conformity with the views herein expressed after the merits of the actions have been passed upon as indicated in this opinion.

Our holding in this case does not in the least affect the well-established and necessary power of the courts of this state to deal adequately with contempts as they may arise, but it should be borne in mind that the successful conduct of courts does not depend alone upon their power to punish contempts. Without faith upon the part of litigants, lawyers and the public generally that courts fearlessly administer justice to the best of their ability, and without favor, they must soon lose that respect and confidence which are now their main support. Such respect and confidence would be justly shaken by the establishment of the contention of defendant that a judge may determine the merits of an action to which he is a party and in which he has an important interest.

The peremptory writ of prohibition is granted restraining defendant from any proceeding in the actions against him

other than to transfer them to another district court, and from proceeding summarily to punish plaintiffs for contempt, or proceeding otherwise than for a contempt "not committed in the immediate view and presence of the court, or judge at chambers," as provided by law.

McCarthy and William A. Lee, JJ., concur.